JOHN B. MOORE v. PHILIP DAIBER.

*Real-estate agent—Commission—Writ of error.*

1. In a suit to recover commission for securing a purchaser for certain city lots, the plaintiff claimed that the defendant agreed to pay him for securing a purchaser, and defendant claimed that the agreement related to the sale of sand, and not of the lots, which belonged to the estate of his deceased wife, and were sold by him as administrator. And it is held that the contract claimed by the plaintiff was defendant's personal engagement, by which he was bound, even though the lots belonged to his wife's estate; but that evidence of such latter fact was admissible on the part of the defendant for the purpose of showing the probability of the theory of the defense.

2. Assignments of error based on a refusal to grant a new trial, and the affirmation by the trial court on appeal of the clerk's taxation of costs, cannot be considered upon writ of error to review the judgment rendered in the case.

Error to Wayne. (Gartner, J.) Argued June 9, 1892. Decided July 1, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Stewart & Galloway,* for appellant.

*Charles Flowers,* for plaintiff.

LONG, J. This action was begun in justice's court. The declaration was oral on all of the common counts, and plaintiff filed a bill of particulars, claiming $73.19 due him for commission from defendant on the sale of certain real estate. The defendant pleaded the general issue, with notice that he was not the owner of the property out of the sale of which the commission claimed by the plaintiff was due. Plaintiff had judgment for $72, and defendant appealed to the circuit. The plaintiff there obtained verdict and judgment for $60.50, and had his costs taxed by the clerk at $66.44. The case comes to this Court on error, but before removing the case from the circuit defendant moved for a new trial, alleging, with other grounds, that he had been deprived of material testimony on the trial, being unable to get his witnesses into court. The court denied the motion, with costs against the defendant of $10. Defendant appealed from the taxation of costs by the clerk, and the taxation was affirmed by the court.

The claim of the plaintiff on the trial was that he was met by the defendant in 1887, and was told by him that he had three lots in the city of Detroit for sale; that he wanted to sell the gravel off the lots; and plaintiff was

then told by the defendant that if he would find him a
customer right away he (the defendant) would pay him
what was right, and make it an object for him; that he
brought defendant a customer on the following Monday
morning, who purchased the lots from the defendant at
the sum of $2,500. Plaintiff also further claimed on the
trial that, while nothing was said about the amount of
commission, yet the rate of commission for sales of real
estate in the city of Detroit was $2\frac{1}{2}$ per cent., and that
that was the amount usually charged for such services.

The defendant contended and testified upon the trial
that nothing was said by him to the plaintiff about sell-
ing the lots, but that he told plaintiff that he had sand
for sale, and as he (the plaintiff) was constantly meeting
contractors and builders, if he would let them know, he
(the defendant) would supply them with sand; that this
was the only arrangement he made with plaintiff; that
the lots were subsequently sold for $2,500, but, the title
being in his wife, who was deceased at the time of the
sale, he sold them as her administrator.

The court directed the jury that if they were satisfied
from the testimony that the plaintiff secured for the
defendant the sale of these lots under the arrangement
as testified by the plaintiff, then the only question would
be the amount of compensation plaintiff would be
entitled to. The court also directed the jury that it was
their province to determine the amount of compensation.

On the trial defendant sought to show that the prop-
erty sold belonged to his wife, and not to himself, at
the time the plaintiff claimed to have made the arrange-
ment with him. The court permitted this showing to be
made, and the defendant gave testimony showing the
transaction between himself and the purchaser of the
property, and how the property was acquired. It is
alleged that the court erred in not permitting the purchaser

of the property to state that he was told by the defendant that the premises belonged to his wife. This question referred to the time when the sale was made, and could in no manner have affected the right of the plaintiff to recover his commission on his theory of the case,— that the defendant promised to pay him for effecting the sale of the lots. It is also insisted that the court erred in refusing to permit the records of the probate court in the matter of the estate of the defendant's wife to be introduced in evidence on the trial. There was no error in this, in view of the claim made by the plaintiff. The right of recovery by the plaintiff depended upon the question whether the plaintiff had established his contract as claimed by him, and not upon the question as to the ownership of the premises for which the plaintiff was to procure a purchaser at the request of the defendant. The contract claimed by the plaintiff was a personal engagement of the defendant to pay plaintiff for securing a purchaser of the lots; and though the title of the property may have been in defendant's wife, yet the defendant would be bound by his undertaking to pay plaintiff upon his finding a purchaser. The court very properly permitted the defendant to go into that branch of the case showing the title in his wife instead of himself, for the purpose of showing the probability of defendant's theory of defense; and there was no contradiction upon the trial that the title was in defendant's wife, and the sale made by him of the lots was made as administrator.

At the close of the testimony the defendant requested the court to direct a verdict in his favor. This was properly denied, as the questions were purely of fact, and properly submitted to the jury.

Claim is made in this Court that the court below was in error in refusing to grant a new trial. That question

and the question of the taxation of costs cannot be considered in the present appeal. We find no error in the record.

Judgment is affirmed, with costs.

The other Justices concurred.