Etscheid v. Tiefenthaler, 172 Wis. 273.

---

ETSCHEID and others, Respondents, vs. TIEFENTHALER and others, Appellants.

*May 7—September 25, 1920.*

Real-estate brokers: *Agreement to divide commissions as creating partnership: Statute of frauds: Performance of contract of sale: Failure to pay note before maturity not default.*

1. An agreement between real-estate agents to share commissions accruing from the sale of a specific parcel of real estate does not make them partners.

2. An agreement between such agents to divide profits arising from an exchange of property and the sale of that taken by one of the parties to the exchange does not create any estate or interest in or any trust or power over or concerning lands, nor is it a contract for the sale of any land or interest in land, so as to be affected by secs. 2302, 2304, Stats.

3. The invalidity of an oral contract by one who took land in exchange for other property to convey the land to parties designated by the real-estate agents on payment of the agents' note, does not invalidate an agreement between the agents for the division of the profits arising from the transaction after the owner had performed his contract to convey.

4. Where such real-estate agents gave their note for the purchase price of the land and agreed to share the profits arising from its resale, the failure of some of the agents to meet their share of the note before it was due, as requested by the others, does not deprive them of their share of the profits where the land was resold before the note became due, there being no actual default.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action between real-estate dealers for a division of commissions. In July, 1916, Warren G. Geib was the owner of

a farm in Kenosha county, Wisconsin, subject to mortgages aggregating in the neighborhood of $14,000. He listed it with one Floyd Fisher, a real-estate agent in the city of Milwaukee, with whom was associated *G. F. Etscheid,* for sale. The Atlas Investment Company owned a flat building at 822 Fond du Lac avenue in the city of Milwaukee subject to a mortgage of $10,000. It listed the flat building with *Alex. J. Tiefenthaler,* a real-estate dealer, for sale. *Tiefenthaler* spoke to the real-estate firm of Korthals, Henn & Kern concerning a sale of the flat building, and *Etscheid* likewise spoke to the same firm concerning the sale of the Geib farm. Later Fisher and *Etscheid,* agents for the farm, and *Tiefenthaler,* agent for the flat building, got together with the Korthals firm and agreed to bring about, if they could, an exchange of the farm for the flat. The Atlas Investment Company did not want the farm, but agreed that if they were paid $2,000 by *Tiefenthaler* and *Korthals* they would sell their equity in the flat building. An exchange of the farm for the flat building was brought about. The Atlas Investment Company took title to the farm. *Korthals* and *Etscheid* gave to the Atlas Company their promissory note for $2,000, payable ninety days from the date thereof. It was understood that upon the payment of the $2,000 the Atlas Investment Company would deed the farm to whomsoever directed. The agreement between the real-estate agents was that none of them should receive any commission from either of their respective clients in consummating the deal; that they would find a purchaser for the farm, pay the Atlas people the $2,000 coming to them, and divide the profits between them. Fisher was to have three ninths, the Korthals firm two ninths, *Tiefenthaler* two ninths, and *Etscheid* two ninths. The defendants arranged an exchange of the farm with one Charles Forster for $1,300 in cash and certain property on Galena street in the city of Milwaukee. The Atlas Investment Company deeded the farm to *Tiefenthaler, Tiefenthaler* deeded it to Forster, and Forster deeded

to *Tiefenthaler* his property on Galena street. *Tiefenthaler* then mortgaged said property to the Bohemian Building & Loan Association for $6,000. He thereafter gave a mortgage to one L. A. Zavitovsky for $3,000, so that in case he traded it for anything else the record would show that such additional mortgage was on said property, and immediately took from L. A. Zavitovsky a release of said mortgage. He received no money on the said latter mortgage.

The defendants refused to account to or pay plaintiffs their share of the profits resulting from these transactions, for the reason, as they claim, that *Etscheid* had failed to pay his part of the $2,000 note given to the Atlas Investment Company.

This action was brought by plaintiffs to recover their share of the profits resulting from the various transactions. The action was tried before a jury. At the close of plaintiffs' case the court dismissed said action as against the Atlas Investment Company. Both parties moved for a special verdict and submitted proposed questions to be included therein. The court submitted three questions suggested by the plaintiffs, in response to which the jury found that neither *Etscheid* nor Fisher agreed to give up their rights in the contract, and that the market value of the Galena-street property on November 10, 1916, was $9,500. The court made additional findings in which were found the facts as hereinbefore stated, and also that the bargain with Forster for an exchange of the farm for the Galena-street property was made on the 26th day of October, 1916, by the defendants, with the assistance of one Herman Tiefenthaler, a brother of the defendant *Alex. J. Tiefenthaler,* and that the sale was completed and the deeds obtained to the Galena-street property on or about the 10th day of November, 1916, all of which was done in conformity to and in carrying out the said agreement for division of profits, as already stated. The court then finds the amount of the profits resulting from the transaction, and awards plaintiffs judgment for their

portion thereof. From the judgment so rendered the defendants appealed.

For the appellants there was a brief by *L. A. Zavitovsky* and *Geo. A. Bowman,* attorneys, and *Henry S. Sloan,* of counsel, all of Milwaukee, and oral argument by *Mr. Bowman* and *Mr. Sloan.*

*Adolph Kanneberg* of Milwaukee, for the respondents.

The following opinion was filed June 1, 1920:

Owen, J. Aside from challenging certain findings of fact, which we have considered and find sufficiently supported by the evidence, appellants' principal contention is that the contract between the parties constituting the basis of recovery is void because within the statute of frauds. Their argument on this proposition is grouped under the following heads: (a) the oral agreement between the parties was a partnership agreement; (b) the partnership agreement being oral and involving an interest in land is void under the statute of frauds; (c) the oral contract between Floyd Fisher, *Etscheid, Tiefenthaler,* and *Korthals* on the one hand and the Atlas Investment Company on the other hand is void and its specific performance cannot be enforced; and (d) the plaintiffs did not fully perform the conditions of the oral contract.

A general statement of our views with reference to the character and effect of the contract between plaintiffs and defendants, as well as the separate contract with the Atlas Investment Company, will suffice as a sufficient response to appellants' contentions. We do not regard the contract as constituting a partnership agreement. It was no more nor less than an agreement between real-estate agents to divide and share commissions in certain proportions accruing from the sale of a specific parcel of real estate—an arrangement very common among real-estate agents. To hold that this agreement constituted a partnership between the parties would be to say that every agreement between real-estate

agents for a division of commissions in the event of a sale of a specific parcel of real estate constituted such real-estate agents partners, a proposition which we apprehend is without support in reason or authority. Neither did it involve any interest in real estate within the meaning of secs. 2302 or 2304, Stats. It created no estate or interest in, nor any trust or power over or concerning, lands, nor was it a contract for the sale of any lands or any interest in land; so that, whether or not it was a partnership agreement, it was not affected by the statute of frauds. It may be assumed that the agreement between Fisher, *Etscheid, Tiefenthaler,* and *Korthals* on the one hand and the Atlas Investment Company on the other was within the statute of frauds. But in view of the fact that the Atlas Investment Company fully performed its part of the transaction; that this action is not for the specific performance of that contract, nor is the right of plaintiffs to recover in any respect based thereon, that circumstance has no bearing whatever upon the issues in this case.

The argument that the plaintiffs did not fully perform the conditions of the oral contract on their part and, consequently, are not in a position to recover in this action, is based on the fact that for some considerable time before the $2,000 note executed by *Korthals* and *Etscheid* to the Atlas Investment Company became due, *Korthals* and the defendants were continually urging the plaintiffs *Etscheid* and Fisher to meet their share of the note, and that because of their failure so to do they defaulted in carrying out their part of the contract. This contention falls when it is considered that there could be no default on the part of Fisher and *Etscheid* before the note became due, and, according to the finding of the court, based on sufficient evidence, this deal was consummated on the 26th day of October, while the note became due on the 2d day of November. The deal was consummated, therefore, one week before the note became due, hence there could be no default on the part of the

plaintiffs at the time the sale of the farm was arranged for. We see no error in the record.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on September 25, 1920.