### HARRY SMITH v. J. J. VOSIKA.[1]

January 15, 1926.

No. 25,016.

**Consideration for defendant's promise sufficiently alleged in complaint for breach of contract to procure purchaser.**

1. The defendant, the selling agent of the owner of a farm, promised the plaintiff that if he would purchase it on stated terms he would resell for him at a stated profit. The plaintiff accepted and entered into a written contract with the owner, and made payments pursuant thereto. It is *held* that the complaint, stating these facts, sufficiently shows a consideration for the defendant's promise.

**Contract not within statute of frauds.**

2. The contract was, in effect, one to procure a purchaser for land, and was not within the statute of frauds as a contract for the sale of lands.

**By failing to allege value of farm, complaint fails to state cause of action.**

3. The complaint fails to state a cause of action in that it does not allege the value of the farm, at the time when the defendant should have produced a purchaser, and therefore fails to show that the plaintiff was damaged.

Contracts, 13 C. J. p. 715 n. 80; p. 724 n. 2.
Frauds, Statute of, 27 C. J. p. 207 n. 51.

[1]Reported in 208 N. W. 1.

The demurrer to the complaint was sustained by the district court of Renville county, Qvale, J., and the plaintiff appealed. Affirmed.

*Lindquist & Nordstrom* and *Murray & Baker*, for appellant.

*Daly & Barnard* and *L. J. Lauerman*, for respondent.

DIBELL, J.

The complaint charged the defendant with a breach of his contract to procure a purchaser for a farm at a stated price. The demurrer was sustained. The plaintiff appeals.

The controversy was here before upon a complaint charging the defendant with inducing the plaintiff to enter into a contract of purchase by a fraudulent promise to sell at an advance. Smith v. Vosika, 163 Minn. 12, 203 N. W. 428.

The defendant was the selling agent of the owner of a quarter section farm in Renville county. The plaintiff was negotiating with the defendant for the purchase of it. As a part of the transaction the defendant promised the plaintiff that if he would buy on stated terms he would resell the property for him within the current year at an advance of $1,500. The plaintiff accepted, paid the owner $1,000 cash, and entered into a written contract with him agreeing to pay $3,000 in a year, and the additional consideration later. The defendant did not procure a purchaser. He then successfully negotiated with the owner for a change in the contract extending for a year the payment of the balance of the $3,000 payment upon the payment by the plaintiff of $1,500. The defendant then promised the plaintiff that if he would pay the $1,500, and take the extension he, the defendant, would resell the farm within the season at an advance of $35 an acre, a total profit of $5,600. The plaintiff assented to this arrangement and entered into a written agreement of extension with the owner. The plaintiff again failed to procure a purchaser.

1. The facts alleged show a consideration. The plaintiff gave an act in return for the defendant's promise; that is, he entered into a contract of purchase with the owner, and paid money upon it, upon the promise of the defendant to procure a purchaser at a designated price. It is not important, so far as concerns the ques-

tion of consideration, that the plaintiff did not agree to sell if a purchaser was found.

We take the complaint as stating seriously what the transaction was. If it was the real understanding of the parties that the defendant was to procure an actual purchaser with such splendid profits to the plaintiff from so small an investment, there was a contract which should be given effect. To create an obligation such must have been the understanding. If what was said was mere talk, boasting by the broker of what could be accomplished, hopeful talk as to land prospects, without a genuine intention that the defendant was bound to produce a purchaser at the price fixed, there was no contract. The proofs will tell. The complaint alleges a consideration.

2. The contract is not within the statute of frauds as one for the sale of lands. The defendant for a consideration agreed to procure a purchaser. The case is not different in principle from one where the owner of land offers an agent an agreed commission or compensation for procuring a purchaser. Not in such a case nor here is a writing necessary to satisfy the statute of frauds. Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075; Moore v. Daiber, 92 Mich. 402, 52 N. W. 742; Etscheid v. Tiefenthaler, 172 Wis. 273, 177 N. W. 887.

3. Whatever the measure of the plaintiff's damages, it has reference to the selling value of the farm. If the land was worth all or more than the sum for which the defendant agreed to find a purchaser there was no damage. For instance, the plaintiff bought the farm for $18,400, or $115 per acre; and the defendant was to find a purchaser at $150 per acre. If the land had a selling value of $150, at the time the defendant should have produced a purchaser, the plaintiff could not retain the land and recover $5,600 damages; nor sell the land for its value and recover $5,600. Whatever the damage may be, the selling value of the farm is a material fact, and there is no allegation of it.

That the plaintiff did not make his payments, and lost the land through a foreclosure of the contract, is, so far as now appears, but an incident, and gives no right of action.

Order affirmed.

On April 1, 1926, the following opinion was filed:

## AFTER REARGUMENT.

DIBELL, J.

The plaintiff was granted a rehearing upon the question of the measure of damages discussed in paragraph 3 of the opinion; and it was had on briefs and oral arguments.

The plaintiff relies on Hokanson v. Western Empire Land Co. 132 Minn. 74, 155 N. W. 1043, as determining that the amount to be paid by the purchaser, whom the defendant agreed to procure, fixed the measure of damages, and this regardless of the value of the property. In the Hokanson case the vendor, the defendant, made an executory contract to sell ten acres of land to the vendee, the plaintiff, for $5,000, and agreed on certain conditions to find a purchaser at $600 per acre within a stated time, and in the event that a greater sum than $600 per acre was realized the net difference belonged to the vendor. The chief question was whether the contract was impossible of performance, and little consideration was given to the measure of damages. It appears from the paper book, though not from the opinion, that the complaint alleged "that said land is not now and never has been worth a sum to exceed $450 per acre." This allegation was enough to show damage, but it is not quite satisfactory to resort to an allegation of the complaint not mentioned in the opinion. After citing authorities supporting the holding that the contract was not impossible of performance the court said:

"Failure to resell, according to the contract, constitutes a breach thereof entitling plaintiff to damages. These are fixed by the terms of the contract, and do not give rise to any difficulty."

And again:

"The agreement to sell is positive and rests on no condition except that plaintiff shall, by a date certain, give notice of his desire to have the land sold. It is an undertaking to the effect that plaintiff, if he should so conclude, could be rid of the land and have the

money paid thereon and a certain profit returned to him. That seems to us the only sensible construction to give the contract."

If the contract before us had been by the vendor to repurchase at a stated price relief would be given as in specific performance by an award based on the repurchase price. See Davis v. Godart, 131 Minn. 221, 154 N. W. 1091. This is not such a case. In a way the contract, if made in the form claimed by the plaintiff, was a speculative one. The parties were taking chances on a rise in real estate values. The damages were not liquidated. The plaintiff should not receive a greater amount than the damages coming from the breach of the contract to find a purchaser. The case cannot be solved upon the ground of a relationship of vendor and vendee, for there was none. The defendant never had any legal connection with the title. He was a broker. Nor can the plaintiff recover upon a claim akin to the theory of a conditional sale with an option to rescind as in Lyons v. Snider, 136 Minn. 252, 161 N. W. 532, and cases cited. We appreciate the force of the plaintiff's argument and some inherent difficulty in the law applicable, but we are satisfied to abide by our former holding.