HERMAN J. RATELLE v. NEIL A. SIEBEN AND ANOTHER.

226 N. W. 2d 923.

March 14, 1975—No. 44927.

*John J. Waters*, for appellants.

*Barnett, Ratelle, Hennessy, Vander Vort & Stasel* and *James H. Hennessy*, for respondent.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendants appeal from a post-trial order denying their motion for judgment notwithstanding the verdict or a new trial, contending (1) that the evidence was insufficient to support the jury's special verdict consisting of its answers to five questions raised by disputed facts; and (2) that the court committed reversible error in its jury instructions, in failing to allow defendant Neil A. Sieben to express his opinion of the value of defendants' property, and in failing to find the oral agreement for plaintiff's legal services unenforceable under the statute of frauds.

Defendants petitioned to remove an attorney's lien on their property, filed by plaintiff for legal services rendered in connection with the property's development. In his answer, plaintiff sought payment of the balance allegedly due him for attorneys fees pursuant to an oral contingent-fee agreement under which he was to receive 10 percent of the net profit upon the sale or condemnation of all or any part of defendants' lands. By stipulation on the record at the commencement of trial, the title of the case was amended for convenience so as to place the attorney in the position of plaintiff and the landowners in the position of defendants. Defendants then placed in the record their defenses to plaintiff's claim. These defenses included a general denial as well as that the agreement was unenforceable as a contract for an interest in land requiring a writing under the statute of frauds; that plaintiff's claim had been settled by accord and satisfaction or by compromise and settlement; and that plaintiff had waived any rights under the agreement.[1]

The trial transcript consists almost entirely of the testimony of plaintiff and defendant Neil Sieben. Their testimony establishes that in late 1962 defendant Neil Sieben sought legal advice from plaintiff concerning the proposed purchase, financing, rezoning, and development of unimproved property located on the northwest corner of Interstate

[1] Excessiveness of the fees claimed was not asserted as a defense.

Highway No. 494 and County Road No. 18 in Bloomington. Their testimony concerning the nature and duration of plaintiff's legal services, the benefit of those services to defendants, and the agreement for payment for those legal services is conflicting and in most respects irreconcilable. The jury, by answers to special questions, found upon clear instructions that defendant Neil Sieben and plaintiff orally agreed that plaintiff should receive 10 percent of the net profit upon the sale of all or any part of the 4 1/2 acre tract of land as payment for his legal services rendered in connection with the development of the property. The jury further found that the agreement was not terminated, as claimed by defendants during trial; that plaintiff had received payment of $3,940 on the contingent fee; and that plaintiff had performed all the services contemplated by the agreement.

Defendants' principal challenge on appeal is that the evidence is not sufficient to support the jury's resolution of these factual disputes. No proper purpose would be served by detailing the evidence. Our careful review of the record compels the conclusion that the evidence amply supports the jury's findings of fact. Defendants' claim that the court erred in not permitting Neil Sieben to testify as to the value of his property is without merit as such testimony was not relevant to the critical issue of the existence of the oral contingent-fee agreement. Pautz v. American Ins. Co. 268 Minn. 241, 128 N. W. 2d 731 (1964). Similarly, since no sufficient evidentiary basis appears in the record, defendants' claims that the court erred by failing to give defendants' proposed instructions and requested special questions to the jury, and in not finding the agreement void under the statute of frauds, are clearly without merit. Snyder v. Wolford, 33 Minn. 175, 22 N. W. 254 (1885); Smith v. Vosika, 166 Minn. 18, 208 N. W. 1 (1926).

Affirmed.