DANIEL EISENBERG v. ROBERT W. MATTHEWS.[1]

June 28, 1901.

Nos. 12,632—(163).

**Negligence of Agent in Making Loan—Evidence.**

Action to recover damages on account of the alleged negligence of the plaintiff's agent in loaning money for him. The relation existing between the parties at the time the loan was made was material, and at issue. *Held*, that evidence of the general course of dealings between the parties as to prior and similar transactions was material and admissible under the pleadings.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Reversed.

*William G. White*, for appellant.

*C. D. & Thos. D. O'Brien*, for respondent.

START, C. J.

Action to recover damages which the plaintiff claims to have

[1] Reported in 86 N. W. 870.

sustained by the negligence of the defendant, as his agent, in loaning money for him.

The complaint alleged, in effect, that on October 7, 1898, the plaintiff intrusted to the defendant, as his agent, the sum of $5,000, to be loaned for him to parties of good credit and sufficient financial ability to repay the amount of the loan at its maturity. That the defendant accepted the trust, but did not use good faith, nor ordinary care, in loaning the money, but, on the contrary, he was grossly negligent in making such loan, and negligently and carelessly loaned the money to parties (naming them) who were then, and for a long time had been, absolutely insolvent, whereby the plaintiff sustained damages in the sum of $5,000. The answer put in issue the allegations of the complaint, and alleged:

"That at sundry and divers times prior to the 7th day of October, 1898, the plaintiff had requested this defendant to inform him of persons who were desirous of borrowing money, and that this defendant gave said plaintiff this information from time to time as it reached him, but that said information upon the part of this defendant was without any compensation whatsoever."

The reply was a general denial. Verdict for the defendant, and the plaintiff appealed from an order denying his motion for a new trial.

The plaintiff here urges that the trial court erred in denying his motion for a new trial, because the verdict is not sustained by the evidence; also in excluding certain evidence offered by plaintiff, tending to show that for some years prior to the making of the loan in question the defendant had negotiated loans for him, and the general course of business between them in relation thereto. This last alleged error will be first considered. The relation between the parties at the time the loan was made was material, and in issue by the pleadings. One of the vital questions of the case on the trial was whether, in fact, the defendant was the plaintiff's agent, and as such made the loan for him. The plaintiff alleged in his complaint the affirmative of this proposition, and the defendant denied it by his answer, and followed it by the allegations we have quoted. The reply denied that the relation between the parties alleged in the answer was the true one. The

burden of proof then was upon the plaintiff to show that the relation of the parties was that alleged by him. Now, if the defendant had acted as plaintiff's agent in loaning money for him for some years prior to the time in question, such fact, and the number and character of the loans, and the course of dealing between the parties with reference thereto, would tend in a material degree to show that such agency still existed when the loan in question was made. Therefore the rejected evidence was material.

This conclusion is not seriously controverted by the defendant's counsel, but it is earnestly urged by them that it was rightly excluded, because it was inadmissible under the pleadings. The reasons urged in support of this claim, briefly stated, are substantially these: The complaint states but a single transaction, and contains no allegations of confidence in the defendant arising from their former relation, or that he relied upon him. The denial, by the reply, of the allegations in the answer as to the former relations of the parties, was, in effect, a denial of the existence of prior dealings between the parties, and limits the case to the single transaction alleged in the complaint. It is true that the complaint states but a single transaction, and that no recovery can be had on any other. But it is equally true that it is neither necessary nor proper to plead mere evidence. Facts as to other similar transactions, and the course of dealing between the parties were mere evidence tending to prove the alleged ultimate fact that the defendant, in the transaction in question, acted as the agent of the plaintiff; hence it was not necessary to plead them. The reply did not deny the existence of any prior dealings, for it simply denied the defendant's version as to the prior dealings of the parties. The offered evidence was not only material, but it was admissible under the pleadings, and it was reversible error to reject it. A new trial must be granted because of such error. This conclusion renders it unnecessary to determine the question whether the verdict is sustained by the evidence.

Order reversed, and a new trial granted.