FRANK W. CHAPMAN v. THEO. O. PROPP.[1]

May 22, 1914.

Nos. 18,546—(96).

**Contract construed — sale of land.**

1. A contract, whereby the first party sold and delivered a stock of merchandise and agreed to make a future cash payment, and the second party,

[1] Reported in 147 N. W. 442.

as consideration, agreed to convey, 9 months after the cash payment was made, certain land, the rents and profits of which went to the first party from the date of the contract, is *held* not an option contract, but one for the sale of land which could not be cancelled or forfeited for failure to perform except by service of the statutory notice.

**Former judgment not a bar to action.**

2. A judgment in a former action on a note given by the vendor to secure performance of his agreement to convey *held* neither an election by the vendee to abandon the land, nor a bar to this action.

**Action for breach of contract not premature.**

3. The contention that the present action to recover damages for the vendor's breach, in refusing to convey after tender of full payment, is premature, is not sustained on this record.

*Liquidated damages.*

4. The sum stipulated in the contract to be paid the vendee is *held* to be liquidated damages and not a penalty.

Action removed to the district court for Polk county to recover $1,500. The substance of the complaint and of the answer will be found in the opinion. The case was tried before Watts, J., who made findings as stated in the opinion, and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*John A. Dalzell* and *W. A. McDowell,* for appellant.

*W. E. Rowe,* for respondent.

HOLT, J.

On November 21, 1908, plaintiff contracted to transfer a certain hardware stock to defendant subject to a claim of $1,050.80, which was to be first paid out of the proceeds of any sales therefrom; and he also agreed to pay defendant $975 on or before February 1, 1909. In consideration thereof defendant agreed to convey to plaintiff 160 acres of land in Lyon county on or before November 1, 1909, free from all encumbrances except $3,000. In respect to the $975 payment the contract stated: "This money is to be used to clear the title to the above described real estate, and prompt payment of this amount of money on the above named date is the vital and essential

part of this agreement and if not kept and performed by the said first party (plaintiff), the failure thereof shall release the said second party (defendant), from any further obligations on his part to be performed. In the event that the said second party shall fail to deliver and convey the above mentioned real estate to the said first party as heretofore mentioned, he agrees to pay the said first party the sum of $1,500 in lieu of the equity in the above mentioned real estate. All rentals accruing from the above mentioned real estate from and after date shall go to F. W. Chapman." At the time the contract was made the stock of hardware was turned over to defendant, and the latter made and delivered to plaintiff his promissory note for $1,500 due November 1, 1909, and containing this provision: "The conditions of this obligation are on the express terms that if that certain real estate is conveyed to F. W. Chapman this note shall be null and void." Plaintiff did not make the $975 payment as agreed, but after November 1, 1909, brought an action on the $1,500 note mentioned. Defendant answered, setting up the agreement and plaintiff's failure to pay the $975, and that the consideration for the note had wholly failed. In the reply plaintiff admitted the agreement but took the position that he had the right to elect to demand payment of the note in lieu of accepting the land and making the $975 payment. The findings of fact in said action stated the terms of the contract and found that plaintiff had never offered to make the payment of the $975 or demanded a conveyance "but has claimed the right to elect to demand payment of the sum of Fifteen Hundred Dollars stated in said note and contract, and if he has the right to elect has made such election." The conclusion of law was a dismissal with costs to defendant. Judgment was entered pursuant thereto. Thereafter plaintiff tendered defendant $975 with interest and demanded a conveyance of the land. The tender was refused. Thereupon this action was brought alleging the contract, the tender on July 3, 1912, of the $975 with interest, the refusal of defendant to execute the deed, and asking damages in the sum of $1,500. The answer alleges that plaintiff did not perform as he agreed, and also pleads in bar the former judgment. The findings herein are that the contract alleged was made, the hardware

125 M.—29.

stock delivered to defendant, tender of the $975 payment with interest was made to defendant on July 3, 1912, that the tender was refused, and also that defendant refused to execute and deliver a deed. The conclusion of law was a dismissal with costs to defendant. From the judgment plaintiff appeals.

The assignments of error challenge certain findings of fact embraced in this general finding "that all the allegations of the answer of defendant herein and the amendments to said answer are true." The substance of these findings is:  (1) That the $1,500 note was made payable upon the express condition that plaintiff should pay $975 before February 1, 1909; (2) that plaintiff in the prior action claimed to exercise his right to elect to enforce the $1,500 instead of accepting the deed to the land, and if he had such right he did exercise it; (3) that the former action is a bar to this; (4) and that the failure to pay the $975 forfeited plaintiff's rights in the contract. It is clear that these so-called findings of fact are rather conclusions of law. Are these conclusions justified? The only basis for the finding designated No. 1 is derived from the note and contract, and so with No. 4. Therefore the correctness of these findings depend upon the construction of the contract, for neither proposition was found in the former action. No. 2 begs the question. If he had no election, his ineffectual claim ought not to conclude him. As to No. 3 we think the findings in the former action demonstrate that there was no adjudication of this cause of action.

The nature of the contract virtually determines the appeal. Defendant holds it to be a mere option, and plaintiff insists it is a contract for the sale of real estate. If it be the former, the result reached is right, regardless of the incorrectness of the findings; on the other hand, if the agreement is an executory contract for the sale of real estate, the parties could not stipulate for a forfeiture. The statute, section 8081, G. S. 1913, prohibits a termination of such contract except by the service of notice on the vendee as therein provided. "Such notice must be given notwithstanding any provisions in the contract to the contrary." It is the only mode of eliminating the rights of a vendee. Sylvester v. Holasek, 83 Minn. 362, 86 N. W. 336; Lamprey v. St. Paul & Chicago Ry. Co. 89 Minn.

187, 94 N. W. 555; Finnes v. Selover, Bates & Co. 102 Minn. 334, 113 N. W. 883. It seems clear that this is an executory contract for the conveyance of land. Plaintiff delivered to defendant a stock of merchandise and, in addition, agreed to pay him $975, for 160 acres of land which defendant agreed to convey to plaintiff. The contract has mutuality, plaintiff agreed to pay, defendant to convey. Both were bound by its terms to perform certain acts. The hardware stock was not transferred for an option, but was part consideration for the agreement to convey. It is worthy of notice that the rents and profits of the land from the date of the contract are given to plaintiff, in other words, the equivalent of possession. No statutory notice was ever served to forfeit plaintiff's right or to terminate the contract and the court found that plaintiff tendered payment while it was still in force.

As to defendant's contention that plaintiff elected in the former action not to buy the land, it is sufficient to say that the court in such action did not find that plaintiff had the right of election, nor do we think the contract may be so construed as to give him such right, at least, not until he had performed.

The former action upon the note is not a bar. The note there sued on was a mere incident and part of the contract involved in this suit. It is entirely clear that, when the former action was brought, plaintiff did have no cause of action, either upon the note or upon the contract as a whole, because he had not tendered performance. That being the case, the judgment therein cannot bar a cause of action which accrued thereafter through plaintiff's subsequent tender. Could there have been any pretence of a bar by former adjudication if the tender had been accepted?

The claim that this action is premature has no merit. Because the contract does not call for a conveyance until nine months after February 1, 1909, the time set for the payment of the $975, therefore it is contended that no action could accrue until the lapse of a like period of time after tender. No such defense is pleaded, and furthermore it is found that the refusal to convey was unconditional. The whole defense rejects the proposition that plaintiff would ever become entitled to either deed or damages.

Finally defendant urges that there is no proof of the value of the hardware stock, and the $1,500 mentioned in the contract should be construed as a penalty and not as liquidated damages. Obviously the parties contemplated that defendant might be unable to convey a merchantable title, and that, in such event, he should pay plaintiff the equivalent of the land in money. They agree that the equity, or value of the land above the $3,000 incumbrance, was $1,500. Clearly this sum should be held liquidated damages. The language indicates such to be the intention of the parties, there is nothing in the situation to the contrary, the value of the subject-matter, considering either the hardware stock traded or the equity of the real estate, is difficult of estimation and quite proper for an agreement, and there is no evidence that it is out of proportion to the actual damages. Taylor v. Times Newspaper Co. 83 Minn. 523, 86 N. W. 760, 85 Am. St. 473; Womack v. Coleman, 89 Minn. 17, 93 N. W. 663; Blunt v. Egeland, 104 Minn. 351, 116 N. W. 653.

The judgment is reversed and the action remanded with direction to amend the findings of fact and conclusions of law so that judgment may be entered in favor of plaintiff for the difference between the amount tendered and $1,500 and interest since the tender.