# OLAF ERICKSON v. M. F. REINE.[1]

## February 8, 1918.

## No. 20,637.

**Principal and agent — negligence of agent in payment of mortgage — evidence.**

1. Evidence examined and *held* sufficient to sustain the verdict of a jury to the effect that the defendant, in transacting business for plaintiff as his agent, was negligent in remitting funds in his hands for the payment and discharge of a real estate mortgage, to a party other than the owner of the mortgage.

**Same — charge to jury.**

2. Instructions of the trial court considered and found to contain no reversible error.

Action in the district court for Stearns county to recover $1,138.03. The facts are stated in the opinion. The case was tried before Nye, J., and a jury which returned a verdict for $1,084.30. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. D. Sullivan* and *Frank Tolman,* for appellant.

*R. B. Brower,* for respondent.

QUINN, J.

Action to recover damages which plaintiff claims to have sustained through the negligence of the defendant, as his agent, in making a farm loan and applying the proceeds thereof in payment and discharge of a former mortgage upon the same property. The plaintiff recovered a verdict. From an order denying his motion for judgment notwithstanding the verdict and, in case that be denied, for a new trial, defendant appealed.

The plaintiff alleges, in effect, that on May 10, 1901, Theodore Blomberg was the owner of the farm of 120 acres described in the complaint,

[1]Reported in 166 N. W. 333.

and on that day executed his note for $800, payable to one F. N. Vaughan on May 10, 1911, with interest, and at the same time executed to Vaughan a mortgage upon said farm securing its payment, which mortgage was duly recorded in the office of the register of deeds of Stearns county where the real estate was situate. Thereafter the time of payment of said note and mortgage was duly extended to May 10, 1912. On October 20, 1911, the plaintiff, through mesne conveyances, became the owner in fee of said farm, subject to the Vaughan mortgage.

Plaintiff further alleges that, during the month of May, 1912, and for a number of years prior thereto, the defendant M. F. Reine was engaged in the handling of farm lands, the making of farm loans, and that he held himself out to the public as one qualified and capable of transacting all kinds of real estate loans and transfers. That in April, 1912, as the maturity of the Vaughan mortgage debt approached, the plaintiff applied to the defendant for a loan of $800 upon the farm mentioned, with which to take up the Vaughan mortgage thereon; that the defendant agreed and undertook to procure a loan and handle the matter for plaintiff; that pursuant to such arrangement defendant called for plaintiff's abstract of title to such land, and on May 6, 1912, prepared a note and mortgage covering said land and running to one Ole Ille, with whom defendant had arranged for the loan of $800, payable in 3 years from date, which plaintiff and his wife duly executed. This mortgage was recorded in the office of the register of deeds of Stearns county on May 8, 1912.

Vaughan lived in the state of Illinois. At the time of the extension of the payment of the mortgage, the then owner of the premises gave Vaughan a note for $48 to cover the interest for the ensuing year. This note was payable at the office of the American Mortgage & Investment Company, of St. Paul, where the interest coupons of the Vaughan mortgage had been paid for a number of years. After recording the mortgage which plaintiff had signed, the defendant sent the note thereby secured to Mr. Ille, who lived in the southern part of this state, and requested him to send him a draft therefor payable to the order of the American Mortgage & Investment Company, which request was complied with. Plaintiff had given defendant a check for $60 with which to pay the $48. On June 11, 1912, defendant sent the $800 draft, to-

gether with his personal check for $52.55 to the American Mortgage & Investment Company for the purpose of paying the Vaughan mortgage and interest, and at the same time requested the investment company to return to him the mortgage note and a satisfaction of the same.

Defendant gave the matter no further attention until about the middle of July, when it was found that the investment company had cashed the draft and check and that a receiver had taken charge of its affairs, and the money was lost to the plaintiff. Thereafter Vaughan foreclosed his mortgage and the land was sold at sheriff's sale on May 2, 1914, at $1,082.33. The plaintiff was compelled to redeem the same from such sale in order to save his land. He then brought this action to recover damages from the defendant, upon the ground of the negligent manner in which he had transacted the business so entrusted to him.

In his answer the defendant alleges: First, that the plaintiff directed the remittance of the money to the American Mortgage & Investment Company; and, second, that he was not negligent. The trial court fully and fairly submitted the issues so raised to the jury. A verdict was returned in favor of the plaintiff for the sum of $1,084.30, being the amount of money sent by defendant to the investment company, with interest.

Where one party undertakes to transact business for another, he becomes the agent of the one for whom he acts, and as such is bound to exercise ordinary or reasonable care in the transaction of such business so entrusted to him. While not an insurer he is bound to exercise that degree of care and skill usually exercised by persons of ordinary prudence and skill engaged in the same or like business.

1 Dunnell, Minn. Dig. § 197; Lake City Flouring Mill Co. v. McVean, 32 Minn. 301, 20 N. W. 233; Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Eisenberg v. Matthews, 84 Minn. 76, 86 N. W. 870; Veltum v. Koehler, 85 Minn. 125, 88 N. W. 432.

We have carefully examined the evidence and considered the instructions of the trial court, and are satisfied that the verdict is amply sustained by the evidence and that there was no prejudicial error in the instructions.

Affirmed.