## 11148

### LOWRANCE v. SWAFFIELD

#### (116 S. E., 278)

1. BROKERS—MUST ACT IN CONFORMITY TO CONFERRED AUTHORITY.— A broker must act in compliance with the principal's instructions and in conformity to authority conferred.

2. BROKERS—MUST DISCLOSE ALL MATERIAL FACTS TO PRINCIPAL.—A broker must disclose all material facts to the prinicpal.

3. BROKERS—MUST EXERCISE REASONABLE SKILL AND DILIGENCE.—A broker must exercise reasonable skill and diligence in transacting the business intrusted to him, and is liable for any loss from not doing so.

4. BROKERS—BREACH OF DUTY IN ACCEPTING CHECK WHERE CONTRACT RECITED CASH HELD QUESTION FOR JURY.—Whether defendant broker under contract prepared by him had authority to accept a check as initial payment or deposit, and, if so, whether he used due diligence in attempting to collect same before purchaser changed his mind, *held*, under the evidence, a jury question in action by principal against broker to recover such payment.

Before WHALEY, J., County Court, Richland.    Affirmed.

Action by Nannie G. Lowrance against F. G. Swaffield. Judgment for plaintiff and defendant appeals.

The contract of sale, out of which the action grew, provided:

"On failure of the purchaser to comply with the terms hereof within the stipulated time, the seller to have the right to retain the amount this day paid, or to enforce the performance of this contract."

*Messrs. Thomas & Lumpkin,* for appellant, cite: *Duty of agent:* 1 A. & E. Enc. L., 1058. *Medium of payment:* Id., 1066. Authority of broker: 23 A. & E. Enc. L., 900. *Entitled to commissions:* Id., 917. *Must · find purchaser able, ready and willing to buy:* Id., 914.

*Messrs. Cooper & Winter,* for respondent. *Oral argument.*

March 8, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff listed with the defendant, F. G. Swaffield, a real estate broker, a house and lot for sale at $4,500. Subject to confirmation and acceptance by the plaintiff, the defendant sold the real estate to one Emil Lannaway for $4,000, payable $200 cash and balance in 48 days. Lannaway gave the defendant a check, payable to his order, on the Palmetto National Bank for the $200, to be cashed upon acceptance of the offer by the plaintiff. About a week after this transaction, the defendant submitted to the plaintiff Lannaway's offer of purchase in the form of a written agreement prepared by the defendant. This contract recited the receipt of "$200.00 cash" on account and bound the plaintiff as owner to sell and convey the property in question to Lannaway within 48 days upon payment of the balance of $3,800. Mrs. Lowrance, the plaintiff, executed the instrument in writing and thereby confirmed the sale made by the defendant to Lannaway. Defendant presented Lannaway's check for payment, and payment was refused by the bank for the reason that the check was not accompanied by the drawer's passbook. If accompanied by the passbook, in accordance with its savings department rules, it appears that the bank would have honored the check at any time within the 48 days or even at the time of the trial. The defendant failed to collect the check within the 48

days, and Lannaway failed to comply with his offer of purchase. The testimony of the plaintiff tended to establish that she knew nothing of the check until after the expiration of the 48 days, but had signed the contract in reliance upon the representation of the defendant that he had collected $200 in cash from the purchaser, which she would have the right to retain upon failure to comply.

The plaintiff brought action and recovered a judgment for $200, from which the defendant appeals. The exceptions raise the one question of whether the trial Court erred in refusing defendant's motion for a directed verdict.

It is elementary that a broker is bound to act in compliance with the instructions of his principal and in conformity to the authority conferred; that he is bound to disclose all material facts and to exercise reasonable skill and diligence in the transaction of the business entrusted to him; and that he will be responsible for any loss resulting from his failure to do so. 9 C. J., 534, 535.

Appellant's position that the evidence was not reasonably susceptible of any breach of legal duty on the part of the defendant is untenable. The written contract prepared by defendant himself tended to establish that his authority in this transaction was limited to the acceptance of a deposit of $200 in cash. Whether the acceptance of a worthless check was a sufficient compliance with that authority was a question of fact for the jury. Conceding that it was a compliance, there remained the issue as to whether due diligence had been used by defendant to collect the check before the purchaser charged his mind about the trade. The evidence upon that issue was not conclusive. Conceding that due diligence was used in that particular, there remained the issue raised by plaintiff's testimony tending to establish that she acted in ignorance of the check and in reliance upon a representation as to cash collected. Whether in the circumstances there was a breach of the defendant's duty to disclose a

material fact, or a misrepresentation which induced the plaintiff to act to her injury, raised an issue that was essentially a question of fact for the jury. As to a false representation by a broker in regard to the value of a security taken for a principal, see *Turnbull v. Gadsden,* 2 Strob. Eq., 14. In either of the several views suggested, the liability of the defendant was properly submitted to the jury.

The exceptions are overruled, and the judgment of the County Court is affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES WATTS and FRASER concur.