SIVERT A. CHRISTIANSON v. JACOB O. HAUGLAND AND
ANOTHER.[1]

April 24, 1925.

No. 24,489.

**Condition of bond for conveyance of land fixed amount to be paid as liqui-
dated damages and not as penalty.**

A bond for $3,700 was conditioned for the transfer of certain land
by the obligor to the obligee within a specified time. No other act
was required to satisfy the condition of the bond. *Held* that the bond
fixed the amount to be paid as liquidated damages and in lieu of per-
formance, and did not provide for a penalty to secure performance.

See Damages, 17 C. J. p. 950, § 244; p. 951, § 246.

Action in the district court for Chippewa county on a bond. The
case was tried before Baker, J., who ordered judgment in favor of
plaintiff. Defendants appealed from an order denying their motion
for a new trial. Affirmed.

*Oluf Gjerset*, for appellants.

*C. A. Fosnes & John C. Haave*, for respondent.

LEES, C.

Respondent owned 160 acres of land in Swift county, and the ap-
pellant, Jacob O. Haugland, owned several tracts of land in Sas-
katchewan, Canada. In September, 1921, they entered into a con-
tract for the exchange of the Swift county land for three quarter
sections of the Canadian land. There was some question about the
title to one of the quarter sections, and it was agreed that, if the
title could not be made good within eight months, Mr. Haugland
should have the privilege of substituting another quarter section in
its place. Subsequently conveyances of the Swift county land and
of two of the quarter sections of Canadian land were made pursuant
to the terms of the contract. Because the title to the third quarter
section was not good, it was not included in the transfer to re-
spondent. In June, 1922, the substituted quarter section was con-

[1]Reported in 203 N. W. 433.

veyed to respondent. In August, 1922, he conveyed this land to Mr. Haugland for the reason that he was not satisfied with it and desired to get title to the quarter section covered by the original contract. When the reconveyance was made, Mr. Haugland prepared, executed and delivered a bond to respondent. Performance of its conditions was guaranteed by the appellant J. H. Skogrand. After a recital of the facts, the bond contains this condition:

"The condition of this obligation is such that if said Jacob O. Haugland * * * make, execute and deliver unto said Sivert A. Christianson * * * within eight months from this date, a good and sufficient transfer and conveyance according to the system in use for conveyance of land in Saskatchewan, Canada, free from liens and encumbrances, except the taxes for the last year, of the southwest quarter of section two (2) in township twenty-seven (27) of range thirty (30) W. 1 M., in Saskatchewan, Canada, then this obligation to be null and void, otherwise to remain in full force and effect."

The land described is the quarter section covered by the original contract, which had not been conveyed to respondent. The condition of the bond was not performed, and this action was brought to recover $3,700, the amount of the bond. It was tried by the court without a jury and judgment in respondent's favor was ordered. The appeal is from an order denying a new trial.

At the trial appellants introduced evidence tending to show that the value of the land described in the bond did not exceed $600. Respondent offered no evidence to the contrary, taking the position that the value of the land was immaterial and that he had the absolute right to a judgment for $3,700. In other words, he claimed that amount as stipulated damages which appellants were bound to pay if the land was not conveyed, and the only question to be determined is whether, under all the facts and circumstances, the sum named is to be regarded as a penalty or as liquidated damages.

Respondent's equity in the Swift county land was valued at $11,100. If there was no difference in the value of the three quarter sections he was to receive, each represented an exchange value of $3,700, the exact amount of the bond.

If the land described in the bond was worth but $600, it is difficult to understand why that amount was not written in the bond, or why appellants did not satisfy respondent's claim for $3,700 by conveying the land.

The bond was brought to respondent by Mr. Haugland. Respondent read it and said he thought the amount should have been $4,000. Mr. Haugland's explanation was that $3,700 was one-third of the value placed on the three quarter sections when the original agreement was made, and this satisfied respondent that the correct amount had been inserted in the bond.

Upon this state of facts, we hold that the amount stated was not a penalty, but liquidated damages.

The conveyance of a particular tract of land was the only act required to satisfy the condition of the bond. It was not conditioned upon the performance of several distinct or separate acts. In determining whether the parties intended to liquidate damages or penalize nonperformance of the undertaking, the fact that only one act was to be performed is an important consideration. Womack v. Coleman, 89 Minn. 17, 93 N. W. 663; Berghuis v. Schultz, 119 Minn. 87, 137 N. W. 201; 1 Pomeroy, Eq. Jur. (4th ed.) § 442.

The purpose of a penalty is to secure performance, while the purpose of stipulating damages is to fix the amount to be paid in lieu of performance.

Appellants had the option of discharging their obligation by conveying the land or paying $3,700. The obligation to pay arose as soon as there was a failure to convey in accordance with the terms of the bond. The contract evidenced by the bond determined the amount to be paid in lieu of performance of the promise to convey.

The trial court was right in holding that the bond provided for the payment of liquidated damages, and the order denying a new trial is affirmed.