# H. J. McGUCKIN v. THOMAS J. HARVEY AND ANOTHER.[1]

April, 19, 1929.

No. 26,831.

*Henry G. Wyvell* and *Peterson & Oehler,* for appellants
*Lewis E. Jones* and *Purcell & Heder,* for respondent.

DIBELL, J.

Action to rescind a contract upon the ground of fraud and to recover $3,000 paid upon it. The court directed a verdict for the plaintiff The defendants appeal from an order denying their motion for a new trial.

On August 31, 1926, the defendant Thomas J. Harvey was the owner of the Stratford Hotel at Breckenridge. The other defendant is his wife. On that day he and the plaintiff entered into a written contract for the sale to the plaintiff of the fixtures and furniture

[1]Reported in 225 N. W. 19.

and all personal property pertaining to the hotel for $20,000 and a lease of the building for 15 years at $600 per month. At that time the plaintiff paid the defendant $3,000 to apply upon the sale. A lease and bill of sale were executed and deposited in escrow in the Breckenridge National Bank. The $20,000 was to be paid by the $3,000 cash, $7,000 was to be paid on September 20, and the balance of $10,000 in instalments. There was a provision in the contract that if the $7,000 was not paid $3,000 should be "held and retained by said Thomas J. Harvey [party of the first part] as liquidated damages herein."

At the close of the case the court held that there was not proof of fraud. This holding was favorable to the defendants appealing and is not subject to review. The directed verdict is sought to be sustained upon the ground that there was a rescission by consent, and that the provision for retaining the $3,000 was by way of penalty and not liquidated damages. These are the two questions.

■ By the agreement the plaintiff was given a limited joint possession with the defendants of the hotel, he conducting it and depositing the net proceeds in the bank pending the payment of the $7,000. On September 15, 1926, the plaintiff assumed to rescind for fraud, gave the defendants notice of his rescission, and abandoned possession. The defendants thereupon resumed control and management. Under these circumstances the defendants did not assent to a rescission. Nor did their taking the money deposited in the bank while the plaintiff operated the hotel amount to a consent. It was the agreement that they should have it in case of the plaintiff's default.

■ In Christianson v. Haugland, 163 Minn. 73, 75, 203 N. W. 433, Judge Lees said:

"The purpose of a penalty is to secure performance, while the purpose of stipulating damages is to fix the amount to be paid in lieu of performance."

In 2 Dunnell, Minn. Dig. (2 ed.) §§ 2536-2537, our holdings in part are paraphrased as follows:

"Liquidated damages are damages the amount of which has been determined by anticipatory agreement between the parties.  *  *  *

"As a general rule, where the injury is susceptible of a definite measurement, as in all cases where the breach consists in the non-payment of money, the parties will not be allowed to make a stipulation for a further amount, whether in the form of a penalty or liquidated damages. But where, on the other hand, the injury in question is uncertain in itself, and not susceptible of being reduced to a certainty by a legal computation, it may be settled beforehand by a special agreement. And where the damages are uncertain, and not capable of being ascertained by any certain or known rule, it will be inferred that the parties intended the sum as liquidated damages."

The sale of the hotel property involved a considerable amount of money. In connection with it was the lease of the building for 15 years at $600 per month. The rule for the measure of damages upon the breach of the contract by the plaintiff is not difficult of statement. Its application is difficult. Just the value of the personal property and the value of the long-term lease and their value taken together, as the agreement was that they should be, expressed in terms of money, is in its nature not easy to find. None of the items had a ready money market. This value of necessity was dependent upon the established patronage and income of the hotel. The situation was such we think that the parties properly might stipulate or liquidate their damages as they did, and their agreement should be given effect. We note the following cases as of illustrative value: Swallow v. Strong, 83 Minn. 87, 85 N. W. 942; Womack v. Coleman, 89 Minn. 17, 93 N. W. 663; Id. 92 Minn. 328, 100 N. W. 9; Fitchette v. Victoria Land Co. 93 Minn. 485, 101 N. W. 655; Emmel v. Zapp, 112 Minn. 375, 127 N. W. 1134, 128 N. W. 572; Berghuis v. Schultz, 119 Minn. 87, 137 N. W. 201; Chapman v. Propp, 125 Minn. 447, 147 N. W. 442; Nostdal v. Morehart, 132 Minn. 351, 157 N. W. 584; Minnesota W. G. Co-op. M. Assn. v. Huggins, 162 Minn. 471, 203 N. W. 420; Christianson v. Haugland, 163 Minn. 73, 203 N. W. 433.

We hold that the provision for the retention of the $3,000 was by way of liquidated damages. Upon the new trial the charge of fraud and other issues, if any are made, are for trial.

Order reversed.