# RONALD C. WITT v. JOHN BLOMQUIST, INC.

81 N. W. (2d) 265.

February 8, 1957—No. 36,924.

*Clinton W. Redlund* and *T. F. Quinn,* for appellant.
*Thomas J. Burke,* for respondent.

THOMAS GALLAGHER, JUDGE.

Action to recover $1,000 alleged to have been paid defendant, John Blomquist, Inc., a real estate agency in St. Paul, by Theodore G. Burns as earnest money upon the latter's purchase of a house belonging to plaintiff, Ronald C. Witt, which the latter had authorized defendant to sell.

Defendant denied receiving this sum in cash and alleged that the earnest money was represented by a worthless note for $1,000 executed by Burns, which defendant offered to endorse without recourse and to assign to plaintiff. Plaintiff denied that he had authorized defendant to receive anything but cash as earnest money on the sale. He offered no evidence to show that he had been damaged by defendant's actions, claiming that defendant's violation of the obligation imposed upon it by the agency agreement in accepting the note as described had caused plaintiff to suffer liquidated damages in that amount.

Based upon the evidence outlined, and upon the jury's determination that defendant had accepted the note without plaintiff's knowledge, the trial court made findings to the effect that defendant had induced plaintiff to execute the earnest money contract by representing that the $1,000 earnest money payment acknowledged therein had been paid by the purchaser in cash, and in consequence that plaintiff had been damaged in the sum of $1,000. Judgment against defendant for this amount was subsequently entered in plaintiff's favor.

On this appeal from such judgment, defendant contends that plaintiff, having failed to establish that he had been actually damaged by defendant's actions, was not entitled to judgment against the defendant in any amount.

■ We believe that in the absence of a showing that plaintiff had been damaged by defendant's actions judgment should have been ordered in the latter's favor. The principles applicable to any agency contract of this kind are well established. The agent is bound to exercise reasonable care, skill, and diligence in performing the transaction entrusted to him and is responsible for any loss resulting from his failure to do so. N. P. Ry. Co. v. Minnesota Transfer Ry. Co. 219 Minn. 8, 16 N. W. (2d) 894; Erickson v. Reine, 139 Minn. 282, 166 N. W. 333. Any actions or omissions by the agent in violation of the duties imposed upon him by his contract of employment render him responsible to his principal for any loss or damages sustained by the latter as a result. Lake City Flouring-Mill Co. v. McVean, 32 Minn. 301, 20 N. W. 233; Restatement, Agency, §§ 385, 399. In an action by a principal against his agent for violation of the agent's duties, the principal can recover substantial damages, whether in tort or contract, only by establishing that such violation of duty caused him actual loss or that the violation resulted in the unjust enrichment of the agent. Lehman v. Hansord Pontiac Co. Inc. 246 Minn. 1, 74 N. W. (2d) 305; Smith v. Vosika, 166 Minn. 18, 208 N. W. 1; cf. Tarnowski v. Resop, 236 Minn. 33, 51 N. W. (2d) 801. It would follow that a recovery of damages on any theory applicable here cannot be sustained since the evidence does not establish that the principal suffered actual loss.

■ Our conclusion is not in conflict with the rule that, where earnest money has been paid to an agent by a purchaser of real estate pursuant to the terms of a contract which provides that the earnest money shall be forfeited to the vendor in the event the purchaser fails to perform the contract, and where such provision cannot be construed as a penalty, the vendor is entitled to retain such earnest money as liquidated damages if the purchaser does fail to complete the transaction. McGuckin v. Harvey, 177 Minn. 208, 225 N. W. 19; Chapman v. Propp, 125 Minn. 447, 147 N. W. 442. It does not appear that this rule has ever been extended to hold that an agent who, without authority, accepts other than cash as the earnest money thereby becomes liable to the vendor to the extent of the

earnest money receipted for in the contract but not actually paid in, in the absence of evidence establishing that the vendor was damaged because of such actions on the part of the agent.

Here, the record indicates that the purchaser was without cash and had no financial responsibility. It is obvious that the earnest money contract would not have been executed had defendant insisted on the cash rather than the note. This being true, it would follow that the acceptance of the note by defendant and the execution of the contract therefor did not place plaintiff in any worse position than if the contract had not been signed at all. Of course, had plaintiff submitted evidence showing that, because of defendant's actions as described, he had suffered damages by withdrawing his property from the market; by surrendering possession thereof to the purchaser; or by making other purchases in the belief that his property had been sold with a $1,000 cash payment as earnest money, his recovery for any damages resulting would unquestionably be authorized. The absence of evidence to establish that any of such situations did result or that any other damages had been sustained because of defendant's actions would seem to effectively eliminate plaintiff's right to recover here.

■ Plaintiff relies upon Lowrance v. Swaffield, 123 S. C. 331, 116 S. E. 278; Holloway v. Thiele, 116 Cal. App. (2d) 68, 253 P. (2d) 131; and Paul v. Grimm, 165 Pa. 139, 30 A. 721, in support of his contention that the earnest money contract in itself establishes his right to liquidated damages in the amount of the earnest money provided for therein. The cited cases are distinguishable. In Lowrance v. Swaffield, *supra,* the agent had received a check for $200 but had acknowledged receipt of $200 in cash. The evidence established that the check was good and would have been paid at any time up to trial had the agent presented it for payment. His failure to do so formed the basis of vendor's recovery against him. In Holloway v. Thiele, *supra,* the agent had collected $3,500 in cash as earnest money but had thereafter returned it to the purchaser without the vendor's consent. There it was held that the cash immediately became the property of the vendor and that by returning it to the purchaser

without the former's consent the agent had caused the vendor damages to the amount thereof. In Paul v. Grimm, *supra,* the agent consummated a sale of real estate wherein worthless bonds were accepted by him in lieu of the cash provided for in the contract. Obviously, the agent's acts in completing the sale for the worthless bonds formed the basis for that action. It is clear that the fact situations in the cases relied upon by plaintiff differ essentially from those in the instant case.

The judgment appealed from is reversed.

Reversed. .