Phyllis STROMBERG, Respondent,

v.

Richard M. SMITH, et al., Defendants
and Third Party Plaintiffs,
Appellants,

v.

Clarence J. KEMP, Third Party
Defendant, Respondent.

No. C0-87-2158.

Court of Appeals of Minnesota.

May 17, 1988.

G. Barry Anderson, Arnold & McDowell, Hutchinson, for Richard M. Smith.

Francis J. Rondoni, Rosenthal, Rondoni & MacMillan, Minneapolis, for Phyllis Stromberg.

Paul Eidsness, Roe & Associates, Minneapolis, for Clarence J. Kemp.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellants contend the district court erred by concluding real estate documents could not be altered by parol evidence and granting summary judgment against appellants' equitable claims. We affirm in part, reverse in part and remand.

## FACTS

Appellants Richard and Jean Smith entered into a "net" listing agreement with respondent Clarence Kemp under the terms of which the buyer would make a $50,000 cash down payment, the Smiths would "net" $850,000 from the sale of their apartment complex property, and Kemp's brokerage fees would consist of "the dollar amount in excess of the $850,000.00, whether in cash paid, or by Contract for Deed." Kemp and another real estate agent found a buyer who agreed to purchase the Smiths' property for $950,000 on a contract for deed. Kemp received a promissory note from the Smiths in September 1980 for his $61,100 commission. Under the terms of the note, the Smiths agreed to pay Kemp monthly interest at increasing annual rates until September 1985 when the principal became due. The interest-only payment provision, the annual interest increments, and the "balloon" payoff date were identical to provisions in the underlying contract for deed. The note was secured by a written document which assigned Kemp a pro rata share of the monthly payments due from the buyer if the Smiths failed to pay the monthly installments. In March 1983, Kemp's promissory note and assignment were sold to Phyllis Stromberg and her husband. The Smiths executed a quit claim deed for the apartment property in favor of Kemp to facilitate the negotiation of Kemp's note and assignment.

The underlying contract for deed did not contain a due-on-sale clause and the buyer sold the apartment property to a second buyer which subsequently defaulted on its payment obligations. The Smiths canceled the contract for deed and repossessed the property in June 1985. During that same month, the Smiths renegotiated the terms of the note held by Stromberg and executed an amended promissory note. The Smiths subsequently defaulted on their payments to Stromberg.

Stromberg sued the Smiths claiming she was entitled to $62,222 under the 1985 agreement and promissory note. The Smiths impleaded Kemp, claiming Kemp was not entitled to compensation under the "net" listing agreement because the buyers had not paid the Smiths a sum exceeding $850,000 and had defaulted before any compensation accrued to Kemp. The Smiths pleaded lack of note consideration, unjust enrichment, mutual mistake, and breach of fiduciary duty as their real estate agent.

Stromberg settled her claims against the Smiths in June 1987 and Kemp moved for summary judgment. The district court concluded the property was sold within the terms of the listing agreement and that the terms of the agreement could not be al-

tered by parol evidence. The court concluded Kemp earned his commission when he produced "ready, willing, and able buyers who bought or contracted to buy the property." The Smiths appeal from the summary judgment.

## ISSUE

Did the district court err by granting respondent's motion for summary judgment?

## ANALYSIS

On appeal, we must determine whether there are any genuine issues of material fact and whether the district court misapplied the law. *See Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979); *see also* Minn.R.Civ.P. 56.03. "[T]he moving party has the burden of proof." *Sauter v. Sauter,* 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955). "All doubts and factual inferences must be resolved against the moving party." *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981).

### *Contract Claims*

The Smiths contend the parol evidence rule does not preclude oral testimony that payment of Kemp's promissory note was conditioned on the buyers' performance of the underlying contract for deed. The Smiths claim they and Kemp had prior oral understandings that real estate fees would not be paid or due until the Smiths received cash from buyers.

■ The parol evidence rule does not exclude relevant evidence in determining whether the contract is invalid because of illegality, fraud, mistake or other reasons, or whether the writing was the final integration of the parties' agreement. *See* 3 A. Corbin, *Corbin on Contracts* § 573 (1960); *see also Ridgway v. County of Hennepin,* 289 Minn. 128, 137, 182 N.W.2d 674, 679 (1971). However, if a contract is a complete integration of the parties' agreements, prior agreements *within the scope of the contract* are discharged regardless of consistency. *See Restatement (Second) of Contracts* § 213 (1981).

■ The record does not contain specific evidence supporting the Smiths' assertions about the prior oral agreement. We can discern no reason for the parties omitting the purported oral agreement about Kemp's commission from the listing agreement and we do not believe the purported agreement was a consistent additional term which reasonable and prudent persons would omit from the writing under similar circumstances. *See* 3 A. Corbin, *Corbin on Contracts* § 583, at 475. Considering the parties' real estate experience and the magnitude of this particular transaction, it is unlikely the parties would have failed to specify in writing that Kemp's commission was payable only when the buyer paid the principal, if the parties actually intended that payment of Kemp's commission was contingent on that occurrence. Under the circumstances, we believe the purported oral agreement about payment of Kemp's commission is a condition "that parties similarly situated would embody in the written agreement." *See Bussard v. College of St. Thomas, Inc.,* 294 Minn. 215, 225, 200 N.W.2d 155, 162 (1972). The "net" listing agreement and 1980 promissory note constitute a complete and final integration of the parties' agreement. The district court did not err by concluding the terms of the listing agreement cannot be varied by parol evidence.

■ The district court also did not err by concluding that the property was sold in accordance with the terms of the listing agreement and that Kemp earned his commission when he produced a buyer which purchased the property under a contract for deed. *See G & R Investment Corp. v. Cheney,* 269 N.W.2d 864, 867 (Minn.1978). Summary judgment with respect to the Smiths' contract claims was proper.

### *Equitable Claims*

■ The Smiths argue Kemp breached his fiduciary duty as their real estate agent by failing to include the purported oral agreement about commission payment in the listing agreement and promissory note, and by failing to include a due-on-sale clause in the contract for deed which might

have insulated the Smiths from excess liability under Kemp's promissory note. The Smiths submitted an affidavit of a real estate agent which was sufficient to raise a disputed fact issue about Kemp's performance of his duties as the Smiths' agent.

Kemp was "bound to exercise reasonable care, skill, and diligence in performing the transaction entrusted to him" as the Smiths' real estate agent and is responsible for any damages to the Smiths resulting from his actions or omissions in violation of his duties as their agent. *See Witt v. John Blomquist, Inc.*, 249 Minn. 32, 34, 81 N.W.2d 265, 266 (1957). Kemp's failure to include a due-on-sale clause in the contract for deed raises a material issue of fact about Kemp's performance of his duties as a real estate agent. *Cf. Olson v. Penkert*, 252 Minn. 334, 346, 90 N.W.2d 193, 202 (1958) (the broker's good faith in acting as the owner's agent was a question for the jury's determination). Accordingly, the district court's summary judgment on this issue is reversed and the case is remanded for an evidentiary hearing on Kemp's failure to include a due-on-sale clause in the contract for deed. *See Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). The Smiths are entitled to damages if Kemp breached his duties as their agent *and* his breach caused the Smiths actual money loss. *See Witt*, 249 Minn. at 34, 81 N.W.2d at 266.

## DECISION

Summary judgment was proper on appellants' contract claims. Respondent earned his commission when he produced a buyer in accordance with the terms of the "net" listing agreement.

Summary judgment was not proper on appellants' equitable claims. Failure to include a due-on-sale clause in the contract for deed raises a disputed fact issue with respect to respondent's alleged breach of his duties as a real estate agent. We remand for a full evidentiary hearing on whether respondent's failure to include a due-on-sale clause in the contract for deed was a breach of the real estate agent's duties which resulted in actual losses to appellants.

Affirmed in part, reversed in part and remanded.