## CIRCUIT COURT OF FAIRFAX COUNTY

Sagatov Builders, L.L.C.

  v.

Christian Hunt

July 9, 2014

Case No. CL-2014-5735

By Judge Charles J. Maxfield

This matter is before the Court on demurrer to determine if a liquidated damages clause is an unenforceable penalty. For the reasons set out herein, the demurrer is sustained.

### *Material Facts*

On April 25, 2012, Sagatov Builders, L.L.C. (Seller) and Christian Hunt (Purchaser) entered into a real estate contract for real property described as Lot 19, Section 1, Willow Creek Estates in Fairfax County, Virginia. Complaint at Exhibit A. The contract purchaser is Samurai, L.L.C., or assigns. Plaintiff pleads that this corporation never existed and seeks to hold Christian Hunt personally liable. The Contract provided that the Purchaser was to deliver a deposit of $50,000 to the Seller on the later of September 4, 2012, or within five days of the issuance of a building permit. The relevant provision of the Contract provides:

> If the Purchaser is in default, the Seller shall have all legal and equitable remedies, retaining the Deposit until such time as those damages are ascertained, or the Seller may elect to terminate the contract and declare the Deposit forfeited as liquidated damages and not as a penalty . . . . If the Seller does not elect to accept the Deposit as liquidated damages, the Deposit may not be the limit of the Purchaser's liability in the event of a default.

The Seller alleges that the Purchaser defaulted and now seeks $50,000 as liquidated damages under several breach of contract counts. Purchaser argues that an optional liquidated damages clause is a penalty as a matter of law and the Seller must prove actual damages.

## Analysis

Liquidated damages in this context may be defined as a specific sum of money expressly stipulated by the parties as the amount of damages to be recovered from a breach of the contract. See e.g., *O'Brian v. Langley School*, 256 Va. 547, 551, 507 S.E.2d 363, 365 (1998). Liquidated damages may not function as a penalty. To be enforceable, the amount must be a reasonable estimation of actual damages which, by their nature, are difficult to ascertain. *Taylor v. Sanders*, 233 Va. 73, 74, 353 S.E.2d 745, 746-47 (1987); *Stony Creek Lumber Co. v. Fields & Co.*, 102 Va. 1, 6, 45 S.E. 797, 798 (1903). The purpose of a penalty is to secure performance while the purpose of stipulated damages is to fix the amount of damage in lieu of performance. *Christianson v. Haugland*, 163 Minn. 73, 75, 203 N.W. 433, 434 (1925).

Thus, the question becomes whether the option to pursue actual damages undermines the purpose of the liquidated damages clause, rendering it unenforceable. Otherwise stated, can the clause satisfy the underlying rationale for the enforceability of these provisions if it is truly optional?

Virginia has not ruled on this issue, although several cases provide limited insight. The trial court in *Taylor* "relied upon foreign authority for the proposition that a penal intention is indicated when, in a single agreement, the party claiming the benefit of a stipulated sum has the option to retain the deposit as liquidated damages or to apply it *pro tanto* against his actual damages." *Taylor*, 233 Va. at 75, 353 S.E.2d at 747. The Court distinguished the case from the Florida precedent by pointing out that there were two agreements, a lease and a sales agreement. The liquidated damages provision was to be treated as "full damages" in the sales agreement only. The seller had no option to make an additional claim for actual damages. *Id.* Accordingly, the Court did not directly address the Florida court's reasoning but did point out that the liquidated damages clause was the exclusive remedy as to the sales agreement. *Id.*

*Brooks v. Bankson* is the most recent discussion of the issue. 248 Va. 197, 445 S.E.2d 473 (1994). In *Brooks*, a real estate contract made the defaulting party liable for actual damages and all related expenses. Another clause in the contract provided for a forfeiture of ten percent of the purchase price in the event of buyer's default. The majority did not address the issue of liquidated damages in addition to actual damages, but limited its holding to finding the liquidated damages provision viewed separately was not a penalty. *Id.* at 209, 445 S.E.2d at 480. The dissent noted that liquidated damages clauses are not favored in Virginia. *Id.* at 210, 445 S.E.2d at

480. Furthermore, because the contract allowed for actual damages, the dissent would declare the liquidated damages unenforceable as a penalty or forfeiture. *Id.* at 211, 445 S.E.2d at 481.

Upon consideration of the underlying purpose of liquidated damages, providing agreed compensation for loss or injury when actual damages may be uncertain and difficult to determine, and the damage provision of the Contract in this case, the liquidated damages provision must fail. I reach this conclusion for two reasons.

First, the provisions of the Contract taken together do not meet the first test or definition of liquidated damages.

> It is competent to parties entering on an agreement to avoid all future questions of damage which may result from a violation of the contract and to agree upon a definite sum as to which shall be paid to the party who alleges and establishes the violation of the agreement. In such a case, the damages so fixed are termed liquidated, stipulated, or stated damages.

*Welch v. McDonald,* 85 Va. 500, 505, 8 S.E. 711, 713 (1888) (citing Sedgwick, *A Treatise On The Measure of Damages,* Ch. XIV, marginal page 397). Clearly, the damage provision of the Contract does not "avoid all future questions of damage" and, accordingly, the option scheme fails to achieve the fundamental purpose of a stipulated damage provision.

Second, the optional provision functions as a penalty.

> [T]he option negates the possibility that the parties intended, in agreeing to the provision, to establish a specific sum payable in respect of a breach, and instead intended the provision to be operative only where the deposit exceeded the actual damages incurred, establishing the implication that the parties intended to punish the defaulting party.

Richard Lord, *Williston on Contracts,* § 65:24 (4th ed. 2002).

Accordingly, as the default provisions of the Contract do not meet the initial criteria for a liquidated damages provision and functions as a penalty, the demurrer is sustained with leave to amend the Complaint to seek actual damages.