## LILLIE R. KING v. INTERNATIONAL LUMBER COMPANY.[1]

October 19, 1923.

No. 23,633.

**Action for rent triable by jury.**

1. An action on a lease for the recovery of rent is triable by jury, and the fact that defendant pleaded a surrender and release, alleged by plaintiff to have been signed in the mistaken belief that it was a receipt for rent, did not entitle defendant to a trial of the case by the court without a jury.

**Release avoided because of inequitable conduct of defendant.**

2. The evidence warranted the jury in finding that plaintiff's mistake was induced by the inequitable conduct of the defendant or was known to defendant and advantage taken of it, and hence plaintiff might avoid the release.

Action in the district court for Beltrami county to recover $187.50 on a lease. The case was tried before Wright, J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. H. Brown,* for appellant.

*Middleton & Middleton,* for respondent.

LEES, C.

On May 10, 1909, defendant leased from plaintiff the right to make use of the water front of land abutting on the Rainy River, to boom, sort and store logs. The lease was for a term of 15 years, subject to earlier termination at the option of defendant by the giving of notice to plaintiff. The rent was $125 per annum, payable on the tenth day of May in each year of the term. One of plaintiff's children died on April 18, 1919. She was in need of money to bury her child and called at the defendant's office to col-

[1]Reported in 195 N. W. 450.

lect the rent which would be due on the tenth of May next ensuing. She had a conversation with defendant's secretary, and, at its conclusion, received .a check for $62.50 and signed a release or surrender of the lease, granting to defendant the right to enter on the land and remove the boom timbers and piling at any time within six months. In January, 1921, she brought this action to recover $187.50, claiming it to be due as the remainder of the rent payable May 10, 1919, and the whole of the rent payable May 10, 1920.

Defendant pleaded the release as a bar to the action. Plaintiff replied, admitting her signature and alleging that she signed in the belief that she was giving a receipt for the amount paid her. When the case was called for trial, the defendant requested that it be tried by the court without a jury. The request was denied, and a jury returned a verdict in plaintiff's favor for the full amount claimed. Defendant has appealed from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

1: Did the court err in denying the request for a trial without a jury? The complaint states a cause of action for the recovery of money only. Whether an action is triable by jury or not is to be determined solely by an examination of the complaint. Dunnell, Minn. Digest and Supplements, § 5229. It would seem, therefore, that the question cannot be answered in accordance with defendant's contention. But it is urged that the answer and reply presented an issue of an equitable nature which was triable by the court and not by a jury. It is familiar law that when a release, procured by fraud, is interposed as a defense to a legal action, the fraud may be shown to avoid its effect without first having the release canceled. The facts pleaded in the reply were in the nature of a confession and avoidance. Plaintiff was not asking for the cancelation of the release. She merely alleged facts which would destroy its effect and defeat the attempt of the defendant to make use of it as a bar to the action. "The authorities unanimously allow fraud touching the execution of a sealed release to be applied as a defense to a plea of release in an action at law on the right released." 34 Cyc. 1068. For these reasons we cannot sustain defendant's first contention.

2. Its second and final contention is that the evidence does not support the verdict. The testimony of the plaintiff and that of defendant's secretary is directly contradictory. She testified that she went to the office and asked him for the money which would be due on May 10; that he told her he could pay her half; that nothing was said about canceling the lease; that, when he handed her the paper she signed, she thought it was a receipt for $62.50; that she did not read it and it was not read to her, and that she thought it was not necessary because she was dealing with one who was honest. Her daughter, who was 20 years old, was with her, but did not testify at the trial. Plaintiff also testified that nearly a year elapsed before she asked for the other half of the rent; that she wrote a letter asking for it, and later went to defendant's office and asked again for payment of the rent. Defendant's secretary testified that, when plaintiff came to the office and asked him to pay the rent, he informed her that he had been instructed to cancel all leases containing a cancelation privilege; that she told him there had been a death in the family and she was very much in need of money, and, after some conversation, he offered to give her $62.50 in lieu of a notice canceling the lease; that the release was prepared by his stenographer in the presence of plaintiff and her daughter; that the two women discussed his offer and plaintiff then signed the release after reading it over. He testified that he did not receive the letter plaintiff said she wrote to defendant, but admitted that she called at the office about the time this action was brought and asked for payment of the rent.

The evidence, considered in connection with the fact that plaintiff had the right to compel defendant to pay her $125 on May 10, 1919, was sufficient to warrant the jury in finding that she did not knowingly surrender the lease or her claim for a full year's rent in consideration of the payment of one-half of the rent only 22 days before it was due. The jury might well find that defendant's secretary, having neglected to give the notice required to terminate the lease, sought to avoid the consequences of his oversight when plaintiff asked for the payment of the rent a few days before it was due. There was no evidence that he made any affirmative false statement

to induce her to sign the release, but, if her testimony is true, the surrender and cancelation of the lease was never mentioned. If she did not read the release and he knew it, he also knew that she did not understand its effect.

The case is one for the application of the rule that if a party conceals a fact material to the transaction and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated. Thomas v. Murphy, 87 Minn. 358, 91 N. W. 1097. The rule has also been stated as follows: "Failure to correct another's delusion is obviously fraudulent if the circumstances are such that the fraud feasor's very silence reasonably caused the misapprehension, or if he has in any way contributed to the delusion." 26 C. J. p. 1073. It was said in C. H. Young Co. v. Springer, 113 Minn. 382, 129 N. W. 773, that a contract may be avoided by one of the parties for his own mistake of fact when such mistake was caused by the inequitable conduct of, or when known to and wrongfully acted upon or taken advantage of by, the other contracting party. This is such a case.

Order affirmed.