Richard M. SORENSEN, Appellant,

v.

COAST–TO–COAST STORES (CEN-
TRAL ORGANIZATION), INC., et
al., Respondents.

No. C1–84–50.

Court of Appeals of Minnesota.

Aug. 21, 1984.
Review Denied Nov. 7, 1984.

Paul A. Sortland, P.C., Holand, Gray, Lochow & Sortland, Fargo, for appellant.

Robert J. Sefkow, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for respondents.

Heard, considered and decided by WOZNIAK, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Plaintiff Sorensen filed suit against defendant Coast to Coast alleging causes of action for fraud and misrepresentation, for breach of contract, and for violations of franchise law. Defendant moved for summary judgment on the basis of a release signed by Sorensen. The trial court granted defendant's motion and ordered judgment entered in defendant's favor. Sorensen appeals from the order for summary judgment.

We affirm the trial court's order granting summary judgment.

## FACTS

In early 1980 plaintiff Sorensen decided he wanted to purchase a business and began scouting the Ada, Minnesota, area for prospects. He contacted the owner of the Ada Coast to Coast Store who expressed an interest in selling. The owner arranged a meeting with defendant's district manager, George Youngerman, and they discussed purchase of the franchise. At the meeting Youngerman gave Sorensen the franchise offering circular. Further negotiations were delayed until August 1980 when Sorensen, the store owner, and Youngerman again met. During their discussions the owner and Youngerman gave Sorensen financial statements for the years 1977, 1978, and 1979. Those years showed gross sales of $159,767.22, $185,848.76, and $181,493.58 respectively. Based on those figures and on Youngerman's expectation that Sorensen would run the store better than the current owner, Youngerman projected gross sales for Sorensen's first year of

operation at $230,000.00. Sorensen then decided to purchase the business.

Before purchasing the store in 1980, Sorenson had many years of business experience. Between Sorensen's graduation from high school in 1964 and purchase of the Coast to Coast Store, Sorensen held a number of jobs and obtained a two-year business and accounting degree. From 1970 until 1980 Sorensen worked as office manager for a Fargo, ND, automobile dealership. His duties included reviewing installment contracts and handling the business' accounting needs.

During the months following purchase of the store, business did not proceed as Youngerman had predicted and Sorensen had expected. Sorensen had problems gaining delivery of merchandise from Coast to Coast. Sorensen did not receive the assistance or services from Coast to Coast promised in the franchising agreement. Sales fell off considerably from the level just before Sorensen's purchase. After Sorensen's first year (1981) his gross sales were $136,310.27. In September 1982 poor sales forced Sorensen to close the store. Soon after the Small Business Administration foreclosed on its security interests. From January to September 1982 Sorensen's gross sales were $82,177.66.

In October 1982 Sorensen requested termination of the franchise agreement with Coast to Coast by signing a form providing in large part:

> We hereby request cancellation of the Franchise Agreement for our COAST TO COAST STORES store at 317 West Main Street, Ada, Minnesota and in consideration of your acceptance, except for pending credits and adjustments normal to merchandise distribution, we hereby release and discharge you, your agents, employees and officers, from any and all claims, demands or causes of action to the date hereof.
>
> We request that the cancellation become effective October 15, 1982, and if this request is accepted by you, we shall thereupon cease the use of the COAST TO COAST STORES name, remove signs

and identification, and surrender to the CENTRAL ORGANIZATION all requisitions, price sheets, manuals, catalogs, and other materials loaned for our use.

Sorensen brought this action in January 1983. In his affidavit and in his deposition Sorensen claims that he did not believe he was giving up any rights against defendant when he signed the release. Rather, he believed the document simply indicated to defendant that the store was closed and that the signs would be removed. He further alleges that Coast to Coast knew of his claims against it at the time the release was executed but did not disclose those claims. He also alleges that he did not receive any money for signing the release.

## ISSUES

1. Does the release agreement language discharging all claims against defendant include existing causes of action?

2. Does Sorensen's claim that he did not intend to release any claims against defendant when he signed the release form create a question of fact preventing summary judgment?

3. Does Sorensen's assertion that he received no consideration for release of his claim against defendant raise a question of fact?

## ANALYSIS

This matter came before the trial court on a motion for summary judgment. Summary judgment is proper only when no material questions of fact exist. *Illinois Farmers Insurance Co. v. Tapemark Co.,* 273 N.W.2d 630 (Minn.1978). The court must adopt all factual inferences favoring a plaintiff for purposes of a defendant's motion. *Nord v. Herreid,* 305 N.W.2d 337 (Minn.1981). If defendant is entitled to judgment under that view of the facts, then no issue of fact exists for trial and summary judgment for defendant is proper.

The facts recited above represent plaintiff's factual allegations. He claims first the release agreement does not affect any claims he did not know of at the time of

execution. He further claims that the facts show the release agreement is invalid both because he did not intend to release defendant from the claims brought here and because defendant gave no consideration to support the release agreement.

■ The law encourages the settlement of disputes. It generally presumes an agreement settling a dispute is valid. *Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. 1099, 1102 (D.Minn.1981). A valid release is a defense to any action on the claims released. *Moffat v. White,* 203 Minn. 47, 279 N.W. 732 (1938). A release is invalid if the party executed the release under circumstances showing the release was not intended or if the party did not receive sufficient consideration. *Couillard v. Charles T. Miller Hospital, Inc.,* 253 Minn. 418, 92 N.W.2d 96 (1958).

*Scope of the release*

■ Sorensen contends that he did not know about his causes of action against defendant when he executed the release. He interprets the release to discharge only those claims about which he had knowledge, citing *Doud v. Minneapolis Street Railway Co.,* 259 Minn. 341, 107 N.W.2d 521 (1961).

Sorensen's contention is without merit. The release agreement discharges "any and all claims, demands, or causes of action to the date hereof." All facts which Sorensen alleges for his causes of action occurred before the date of the release. Those causes of action existed at the time of the release whether Sorensen knew of them or not and are within the scope of the release. Sorensen's reliance on *Doud* is misplaced. *Doud* allowed recovery of damages resulting from personal injury that were neither known nor contemplated by the parties at the time of a release agreement. *Id.* at 347, 107 N.W.2d at 525. Sorensen does not allege damages he did not know of or contemplate at the time of the release agreement. He was aware that he had lost his business and incurred substantial debts before he signed the release.

*Intent to release claims*

Sorensen also argues that the facts alleged, if proved, would establish that the release agreement was invalid because he did not intend to release his claims against defendant. Defendant contends that analysis reveals no basis for discrediting the release. After reviewing Sorensen's allegations we hold that he has not alleged the type of facts needed to rebut the presumption toward a valid release.

Courts have used a variety of factors to decide a claimant's intent to release his claims. *See Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. 1099 (listing six factors on release of a contract claim); *Schmidt v. Smith,* 299 Minn. 103, 216 N.W.2d 669 (1974) (listing eight factors on release of a personal injury claim). Five factors provide some support for Sorensen's position, but none sustain it.

■ One factor which courts examine is the language of a release. The more complicated, confusing or misleading the language the more weight a court will give to a claim of no intent. *See, Schmidt v. Smith,* 299 Minn. at 110–11, 216 N.W.2d at 673; *Hanson v. Northern States Power Co.,* 198 Minn. 24, 268 N.W. 642 (1936). The release Sorensen signed, however, contains only language common in the business community. It is short and straightforward. The operative words are not mired in legal jargon nor hidden in fine print.

■ Sorensen argues absence of legal counsel before or at the time of execution of the release favors his position. Courts have considered the absence of counsel significant when examining the intent to release a claim. *Schmidt,* 299 Minn. at 110, 216 N.W.2d at 673. The presence of counsel is a strong factor indicating intent. Absence of counsel may be significant when the circumstances show unusual need for legal advice. Here this factor does not contraindicate intent because the release language is simple and Sorensen is an experienced businessman.

A third factor is the existence of fraud or misrepresentation. Sorensen appears to argue that defendant's allegedly fraudulent conduct during operation of the store undermines the release's validity. While it is well recognized that releases may be avoided when fraud or misrepresentation exists, the fraud or misrepresentation must touch execution of the release. *Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. at 1103. Such an allegation presents a question of fact. *King v. International Lumber Co.,* 156 Minn. 494, 195 N.W. 450 (1923).

Sorensen's allegations of fraud do not concern his intent to release his claims against defendant. In *Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. at 1104 the court said:

> The plaintiffs do not claim they were misled about the nature of what they were signing but merely that they did not fully understand its implications, which is at most a claim of unilateral mistake not of fraud, misrepresentation, or inequitable conduct.

While mutual mistake of fact is a ground for nullifying a release, unilateral mistake is not unless the defendant wrongfully concealed facts from the plaintiff or induced the mistake in some other way. *Couillard v. Charles T. Miller Hospital,* 253 Minn. 418, 92 N.W.2d 96 (1958); *Schmitt-Norton Ford, Inc. v. Ford Motor Co.,* 524 F.Supp. at 1104.

A fourth factor then, is wrongful concealment of fact or other inequitable conduct which contributes to plaintiff's mistake. *Norris v. Cohen,* 223 Minn. 471, 27 N.W.2d 277 (1947). Sorensen appears to claim that defendant concealed its conduct creating the causes of action. Sorensen's deposition, his affidavit, and his complaint do not specify that conduct. His deposition instead indicates he knew Youngerman's basis for the sales projections and he knew Coast to Coast had not provided all promised services long before he signed the release. Since Sorensen has failed to offer specific facts to support his general allega-

tions he has not created a question of fact for trial. *Eakman v. Brutger,* 285 N.W.2d 95 (Minn.1979).

The fifth factor is duress. Duress caused by economic coercion may show the absence of an intent to release claims. *Wallner v. Schmitz,* 239 Minn. 93, 57 N.W.2d 821 (1953). A party must allege that he involuntarily accepted the terms of the release, that the circumstances allowed only that alternative, and that the other party created the compelling circumstances through coercive acts. *Oskey Gasoline & Oil Co. v. Continental Oil Co.,* 534 F.2d 1281, 1286 (8th Cir.1976).

While Sorensen alleges he did not intend to release his claims he does not allege any facts which could fairly constitute acts of coercion. The loss of his business and his escalating debts may have created great stress upon Sorensen but, absent coercive acts by defendant, it will not rebut his intent to execute the release.

In sum, the law presumes that parties to a release agreement intend what is expressed in a signed writing. Sorensen's allegations fail to present the type of facts showing an absence of intent.

### Lack of consideration

Consideration must support a release. *Burns v. Northern Pacific Railway,* 134 F.2d 766 (8th Cir.1943). The sufficiency of consideration rests not on the amount received but upon receipt by a party of something he was not previously entitled to. *Schmitt-Norton Ford,* 524 F.Supp. at 1103. Whether sufficient consideration is received is a question of fact. *Id.; Maynard v. Durham & Southern Railway Co.,* 365 U.S. 160, 162–63, 81 S.Ct. 561, 562–63, 5 L.Ed.2d 486 (1961).

Sorensen claims the release is not supported by consideration. Defendant claims that its release of Sorensen constitutes sufficient consideration for the re-

lease. Sorensen admits that he was released from the franchise agreement but claims that he gained nothing of value from that release.

The question raised here is whether release from the franchise agreement is adequate consideration. Defendant claims it lost the following rights when it executed the release: 1) the option to purchase the store inventory for cost or market value, whichever is lower; 2) the option to purchase the ·store furniture, fixtures and equipment for "an amount not in excess of the actual cost, less depreciation"; 3) the right to sue Sorensen for breach of his obligation to notify defendant of his intent to sell the store assets; 4) the right to collect a $2,000.00 per month penalty if Sorensen failed to remove signs and return property loaned to him by defendant. If just one of the above rights has value, then the trial court properly granted summary judgment.

Here Sorensen did not notify defendant of his intent to sell the store assets. While the facts do not establish the amounts Sorensen received from the foreclosure sale nor the amount defendant would have paid under the franchise agreement, the facts do show that defendant was not notified of its opportunity to purchase the assets. Sorensen's failure to give notice breached the franchise agreement. The release agreement's discharge of Sorensen's potential liability for that breach constitutes sufficient consideration to support the agreement.

### DECISION

The trial court properly found that Sorensen's causes of action were within the scope of the release. Sorensen failed to allege facts showing he did not intend to discharge his causes of action when he signed the release or showing lack of consideration. The trial court properly granted summary judgment on those issues.

Affirmed.