**UNITED ARTISTS COMMUNICATIONS, INC., Appellant,**

v.

**CORPORATE PROPERTY INVESTORS, et al., Respondents.**

No. C4-87-302.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Rolf E. Gilbertson, Seth M. Colton, Ruth S. Marcott, St. Paul, for appellant.

Margaret M. Van Valkenburg, James A. Rubenstein, Minneapolis, for respondents.

Heard, considered and decided by FOLEY, P.J., FORSBERG and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions the trial court's conclusion, as a matter of law, that appellant failed to prove the parties entered into an enforceable oral modification of their lease. We affirm.

## FACTS

In 1974, appellant United Artists Communications entered into a 25–year written lease agreement with Homart Development Company. The lease required United Artists to pay dues of $.20 per square foot of its leased space per year to the Maplewood Mall Merchants' Association, payable monthly. This provision was "subject to annual upward adjustments approved by a two-thirds majority of the outstanding vote of the members of the Association."

In December 1980, the association membership voted to increase their dues to $.30 per square foot, effective February 1, 1981. Appellant disputed the validity of the vote authorizing the increase, and ceased paying all dues on December 15, 1980.

During 1981 and 1982, United Artists and Homart negotiated to modify the lease terms. The primary topics of discussion were the increased dues and United Artists' desire to install video games in its leased space. When Homart sold Maplewood Mall to respondent Corporate Property Investors (CPI) in January 1983, United Artists continued the negotiations with the successor lessor.

On August 5, 1983, the parties entered into a written modification of the original lease. The modification was drafted primarily to allow United Artists to install video games on the premises. The agreement also included an increase in association dues to $.30, but delayed the effective date of the increase to October 15, 1982. The written modification stated that the lease, "as herein modified and supplemented, is in all other respects fully ratified and confirmed."

Appellant then paid respondent CPI $13,-881.66, the total amount that had accrued in dues since the association membership voted to increase dues to $.30 per square foot. Respondent in turn credited appellant with $3,230.94, to compensate for the negotiated delay in the increase.

In January 1985, the association membership voted to increase the dues obligation to $.65 per square foot. United Artists refused to pay the increase and continued to pay dues at $.30 per square foot. Appellant claimed it had reached an oral agreement with Homart in September 1982 with respect to increases in dues. Consistent with the August 1983 written modification to the lease, appellant claimed the oral modification provided for the increase to $.30, beginning October 1982. Appellant further claimed, however, that the alleged oral modification prohibited any subsequent increases in the dues obligation. Respondents denied any oral modification to the lease.

In December 1985, respondents gave appellant written notice of default under the lease, claiming unpaid dues in the amount of $6,454.92. Appellant then brought this declaratory judgment action, attempting to enforce the alleged oral modification to the lease. Respondents answered and brought a counterclaim for recovery of the unpaid due and attorney fees.

On respondents' motion for summary judgment, the trial court dismissed appellant's complaint with prejudice. The court based its ruling on two grounds: 1) that any alleged oral modification merged into the subsequent written modification; and 2) that, as a matter of fact, there was insufficient evidence of any oral modification. The court also granted summary judgment to respondents on their counterclaim, awarding $15,720.95 in damages for accrued dues and attorney fees. Finally, the court awarded respondents $5,922.47 in bad faith attorney fees.

## ISSUE

Did the trial court properly dismiss appellant's complaint as a matter of law?

## ANALYSIS

■ Summary judgment is proper when: the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. In reviewing summary judgment, this court applies the same standard the trial court uses in deciding whether to grant summary judgment and determines (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Lindner v. Lund*, 352 N.W.2d 68, 70 (Minn.Ct.App.1984) (citing *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979)).

■ A prior oral agreement merges with and is integrated into the subsequent written agreement. *Lehman v. Stout*, 261 Minn. 384, 389–91, 112 N.W.2d 640, 643–45 (1961); Restatement (Second) of Contracts § 209(3) (1981) (a written agreement complete on its face is taken to be an integrated agreement in the absence of contrary evidence). The parol evidence rule, which is "closely allied" to the doctrine of integration, *Lehman*, 261 Minn. at 389, 112 N.W.2d at 644, prohibits consideration of evidence of any prior or contemporaneous oral agreement when that evidence contradicts or varies the terms of the written agreement. *Material Movers, Inc. v. Hill*, 316 N.W.2d 13, 17 (Minn.1982); Restatement (Second) of Contracts § 215 (1981).

The trial court found that the August 1983 written modification to the lease was incorporated into the original lease. The court found insufficient evidence of any oral modification, and further found that any such oral modification would merge into the subsequent written modification. The question of whether a contract is completely integrated and not subject to variance by parol evidence is for the trial court. *Taylor v. More*, 195 Minn. 448, 454–55, 263 N.W. 537, 540 (1935) (the application of the parol evidence rule where the question of integration is involved is difficult, and the responsibility for its application belongs on the shoulders of the trial court); Restatement (Second) of Contracts § 209(2) (1981).

■ The trial court's determination on merger is supported by the statements in the lease itself that it "contains the entire agreement between the parties," and that the agreement "shall not be modified in any manner except by an instrument in writing." The written modification provides that the lease, "as herein modified and supplemented, is in all other respects fully ratified and confirmed." In addition, appellant presented no evidence of correspondence from or statements made by representatives of Homart or CPI that shows either lessor agreed at any time to modify the lease to prohibit future increases in Merchants' Association dues. Aside from assertions made by appellant and its attorneys, the evidence showed only that prohibition of future dues increases had been a topic of negotiation in 1981 and 1982.

Appellant insists the written agreement is not binding because it excludes the alleged modification that Homart and United Artists orally agreed upon in September 1982. The written modification agreement refers to the original lease and to "any and all amendments thereto," and appellant claims the alleged 1982 oral amendment to the lease constitutes one such amendment. This assertion is supported by an affidavit executed by the United Artists' attorney who drafted the written modification agreement, stating that the issue of whether or not association dues would be subject to

change was previously addressed in negotiations between Homart and United Artists, and that those negotiations resulted in a modification to the lease, sometime prior to December 1, 1982. The affidavit concludes that increases in dues were not included in the August 1983 written modification agreement because the issue had previously been addressed in the negotiations between Homart and United Artists, which negotiations had modified the lease. Appellant also relies on a letter from a United Artists executive to Homart, dated December 1, 1982, stating that an agreement on the issue had been reached. Homart neither acknowledged the receipt of the executive's letter nor responded to it.

We agree with the trial court's conclusion that appellant's evidence does not defeat the conclusion that any oral agreement that might have existed merged into the August 1983 written modification. The trial court properly found that the doctrine of merger makes any alleged oral modification inoperative. *See Karger v. Wangerin*, 230 Minn. 110, 114, 40 N.W.2d 846, 849 (1950) ("what was said during the negotiations * * * must be understood to be superseded by the writing, and so much of what was thus said as is not carried forward into the writing must be deemed to have been waived or abandoned").

■ Also, consideration of evidence of the alleged oral agreement would violate the parol evidence rule. In *Taylor*, the Minnesota Supreme Court stated:

> The only criterion of the completeness of the written contract as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement, * * * it is to be presumed that the parties here introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed. The rule forbids to add by parol where the writing is silent, as well as to vary where it speaks.

*Taylor,* 195 Minn. at 453, 263 N.W. at 539 (quoting *Thompson v. Libby,* 34 Minn. 374, 377–78, 26 N.W. 1, 2 (1885)). The parol evidence rule prohibits consideration of the oral agreement because the "evidence contradicts or varies the terms of the written agreement." *Material Movers,* 316 N.W.2d at 17; *see Taylor,* 195 Minn. at 453, 263 N.W. at 539. The August 1983 written modification to the lease reaffirmed the provision in the original lease that the dues are subject to annual upward adjustments upon a vote by the association membership.

Appellant also challenges the trial court's finding that there was insufficient evidence to support appellant's claim of an oral agreement. There is considerable dispute between the parties as to the facts supported by the evidence in the case, including whether any oral agreement was concluded, whether there was evidence of reliance on the alleged oral agreement, whether respondents' conduct showed their acquiescence in the oral modification and their waiver of the lease requirement that all modifications be in writing, and whether the trial court properly found that the executive acting on appellant's behalf was a sophisticated businessman who would never enter into any agreement that was not in writing. Because the result under the doctrine of merger is dispositive, however, we decline to make a further analysis of the factual dispute.

## DECISION

The trial court properly determined that appellant's complaint was groundless as a matter of law.

Affirmed.