**George M. PUTHUKULAM, Appellant,**

v.

**YELLOW TAXI COMPANY OF MINNEAPOLIS, et al.,
Respondents.**

No. CO–87–300.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Review Denied Dec. 18, 1987.

R.J. Lange, Jeff Gray, Lange & Megarry, P.A., Bloomington, for appellant.

Robert J. Hennessey, Andrew W. Danielson, Andrew J. Mitchell, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for respondents.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

Appellant George M. Puthukulam commenced this personal injury action against

respondent Yellow Taxi Company of Minneapolis and one of its drivers, respondent William G. Ellingson (hereinafter collectively referred to as Yellow Taxi). As one of its defenses, Yellow Taxi asserted that Puthukulam had executed a full release of his claims.

Prior to trial, Puthukulam moved for partial summary judgment to strike the defense of release from Yellow Taxi and Ellingson's answer. In denying that motion, the trial court ruled:

> The facts and circumstances surrounding the execution of the release agreement, the understanding between the parties, the arms-length dealings, *and the consideration for the release,* are all genuine issues of material fact which preclude summary judgment.

(Emphasis added.) The court further concluded that these issues are best resolved by the fact finder.

In its special verdict, the jury found that Yellow Taxi had been 80% at fault and that Puthukulam's damages amounted to $33,774.65. In response to two special verdict questions, however, the jury rejected Puthukulam's claims of material misrepresentation and duress with respect to execution of the release. Although requested by Puthukulam, no question was submitted to the jury relating to consideration. Judgment was thereafter ordered for Yellow Taxi.

This appeal is from an order denying Puthukulam's motion for judgment notwithstanding the verdict or in the alternative for a new trial. We reverse and remand.

## FACTS

In December 1980, Puthukulam's automobile collided with a taxi owned by Yellow Taxi and driven by Ellingson. Puthukulam went to the hospital where he received stitches for a cut on his lip and was examined for other complaints relating to the accident. A few days later, he was examined by his physician for the pain he was experiencing in his knees.

Soon after the accident, Puthukulam contacted Yellow Taxi regarding his property damage. Based on Yellow Taxi's promise to reimburse him for the repairs to his car and for renting a replacement car, Puthukulam incurred repair costs of $2,125.53 and a rental car expense of $159.12.

A few weeks after the accident, a claims adjuster employed by Yellow Taxi went to Puthukulam's home. Puthukulam received a check for $2,284.65 (an amount equal to the repair bill and the rental charge) and signed a document entitled "Full Release and Settlement" purporting to cover all "damages, claims, and demands whatsoever in law or equity."

The adjuster testified that Puthukulam read the release before signing it and that he did not have any further questions. He denied that Puthukulam had told him that he did not understand the release. Puthukulam admits that he read the release, but claims that he did not understand it. He testified that he signed the release in order to pay for the credit card charges he had incurred for his car repairs and for renting a replacement car, and that he believed the check only covered those amounts.

Puthukulam continued to experience pain in his knees, neck, and lower back and continued to receive medical treatment. He eventually retained an attorney and commenced this personal injury action against Yellow Taxi.

## ISSUE

Did the trial court err in denying Puthukulam's motion for judgment notwithstanding the verdict?

## ANALYSIS

Puthukulam contends that the trial court erred in denying his motion for JNOV, which was based on his claim that he received no consideration for the release of his personal injury claims. In the alternative he claims that he is entitled to a new trial because the trial court failed to submit to the jury a question on the issue of consideration.

In denying Puthukulam's pre-trial motion for partial summary judgment, the trial

court ruled that consideration is an issue of fact. Given this ruling, Puthukulam was lulled into believing that the issue of consideration would be submitted to the jury. Admittedly, *inadequacy of consideration* will not invalidate a release, and that issue may have been dealt with by the questions which were submitted to the jury involving Puthukulam's claims of material misrepresentation and duress.[1] However, Puthukulam argued that he received *no* consideration for the release of his personal injury claims. Such an inquiry involves not the adequacy or the amount of consideration received, but whether *any* consideration was received or whether Puthukulam received something to which he was not previously entitled. *Schmitt-Norton Ford, Inc. v. Ford Motor Co.*, 524 F.Supp. 1099, 1103 (D.Minn.1981) *aff'd* 685 F.2d 438 (8th Cir.1982).

Although issues relating to consideration are generally questions of fact, where the evidence is conclusive the issue becomes one of law for the court to decide. *See, e.g., Hanson v. Northern States Power Co.*, 198 Minn. 24, 26, 268 N.W. 642, 643 (1936) ("Resolving every doubt as to the facts in favor of the position of plaintiff, nevertheless we are compelled to the conclusion that consideration for plaintiff's signature appears as a matter of law.")

In this case, the facts are undisputed that the amount Puthukulam received equaled the sum of his car repairs and rental car charge. It is also undisputed that Yellow Taxi had authorized these expenses and had promised to reimburse Puthukulam. Puthukulam's testimony indicates that he incurred these expenses in reliance upon Yellow Taxi's representations.

Yellow Taxi emphasizes that at the time the release was executed, liability was in dispute and that under the principles of comparative fault, Puthukulam would only be entitled to damages if his fault was less than its fault and only in the amount proportionate to its fault. Yellow Taxi claims

that the release represents a compromise of liability and that because Puthukulam received compensation for all of his property damage he received something to which he was not necessarily entitled.

Puthukulam notes that he only received the precise amount of his repair bill and rental car charge and that that amount had already been promised him. He therefore argues he received no consideration for release of all of his claims, most importantly his personal injury claims. We agree and find Puthukulam's position supported by case law. *See, e.g., Burns v. Northern Pacific Railroad Co.*, 134 F.2d 766, 771 (8th Cir.1943) (payment of wages and expenses to former employee was not consideration for release of claim for wrongful discharge); *Cobb v. Midwest Recovery Bureau Co.*, 295 N.W.2d 232, 237 (Minn.1980) (release was without consideration where truck was wrongfully repossessed and plaintiff had legal right to it at that time); *Olson v. Rugloski*, 277 N.W.2d 385, 388 (Minn.1979) (payment of an admitted liability does not provide consideration for compromise and settlement).

We reverse the trial court's denial of Puthukulam's motion for JNOV. Upon the state of the record, it must be concluded that Puthukulam received no consideration for the release of his personal injury claims. He is entitled, after consideration of the jury's apportionment of his fault, to damages as awarded by the jury. We remand to the trial court to enter judgment accordingly.

## DECISION

Reversed and remanded.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent and would affirm the trial court because:

1. The settlement and release covered all damages and claims and was an arms-

---

1. Puthukulam does not contest the jury's rejection of his claims of material misrepresentation and duress, which go to whether he intended to release his claims. *See Sorensen v. Coast-to-*

*Coast Stores, Inc.*, 353 N.W.2d 666, 670 (Minn. Ct.App.1984), *pet. for rev. denied* (Minn. Nov. 7, 1984).

length negotiation. It is a mistake under these facts to set it aside on plaintiff's claim he did not understand.

2. The jury properly found no material misrepresentation or duress. Proper deference should be given to the jury's findings and verdict.

3. Even if the majority was right and this matter should be reversed, it should be remanded for a new trial with issues properly submitted to the jury for proper disposition and apportionment. I disagree with the majority holding the issue of sufficient consideration was not submitted to the jury, and then remanding and ordering the trial court to apportion the damages based on the present state of the record.