APPLE VALLEY RED–E–MIX,
INC., Respondent,

v.

MILLS–WINFIELD ENGINEERING
SALES, INC., et al., Appellants.

No. C1–88–1210.

Court of Appeals of Minnesota.

Feb. 28, 1989.
Review Denied April 26, 1989.

James R. Bresnahan, Stewart C. Loper, Cochrane and Bresnahan, P.A., St. Paul, for respondent.

Alan H. Maclin, Colleen V. Short, Briggs and Morgan, P.A., St. Paul, for appellants.

Heard, considered and decided by CRIPPEN, P.J., and RANDALL and BOWEN, JJ.*

**OPINION**

CRIPPEN, Judge.

Appellant contends the parol evidence rule conflicts with the trial court's finding of an express warranty on the capacity of a cement unloading machine. We agree and reverse. As a consequence, we do not reach the question of sufficiency of the evidence on the express warranty nor the conflicting claims of the parties regarding damages.

**FACTS**

Respondent Apple Valley Red–E–Mix, Inc., a cement plant operator, entered into an agreement to lease an unloading machine from appellant Cyclonaire, Corp. which manufactures systems used to transport products, such as cement, from one site to another. The agreement was for the use of the "Docksider II–V," a single piece of equipment capable of transferring cement from barges to a storage site.

The lease agreement between the parties required respondent to make monthly payments of 12 percent of the full value of the Docksider II–V and to insure it throughout the lease to its full value of $157,000. The lease also provided respondent with an option to purchase the Docksider II–V during the first three months of the lease period. The lease included an exclusive warranty of merchantability and an exclusive replace and repair remedy for breach of warranty. Additionally, the lease contained an integration clause stating that the parties' entire agreement was contained in the written lease. Respondent submitted a check for $19,000, one-third of the three month lease term, to appellant's Twin City representative, Mills–Winfield Engineering Sales, Inc., also an appellant.

Respondent sued appellant for breach of warranty, claiming that the Docksider II–V failed to meet an unloading rate of 125 tons per hour and that because of the delay respondent incurred $125,000 in consequential damages for additional barge demurrage charges and other expenses. The trial court held the delay was caused in part by breach of an express warranty on capacity of the machine.

The trial court calculated the damages due to delay by taking respondent's total expenses and multiplying it by the ratio between actual average unloading capacity (55 tons per hour) and minimum expected unloading capacity (100 tons per hour) to determine the amount apportionable to respondent's normal unloading expenses. This figure ($139,151.29) was then subtracted from the total expense ($253,002.36) to give the amount of consequential damages to be apportioned ($113,851.07). The trial court found, based on comparative fault, that appellants were 60 percent responsible (in the amount of $68,310.64) for the consequential damages and respondent 40 percent responsible. Both parties dispute the trial court's calculation of damages.

Appellant disputes the legality of parol evidence on the express warranty, as well as sufficiency of the evidence to prove a warranty in light of the contract disclaimer. Because we are convinced the express warranty depends on evidence prohibited by the parol evidence rule, we reverse on this point alone.

**ISSUE**

Did the trial court err in using parol evidence to find an express performance warranty?

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

Pursuant to general contract law, the terms of a final and integrated written expression may not be contradicted by parol evidence of previous "understandings and negotiations * * * for the purpose of varying or contradicting the writing." 3 A. Corbin, Corbin on Contracts § 573 (1960); *see Lehman v. Stout,* 261 Minn. 384, 389–91, 112 N.W.2d 640, 643–45 (1961); *ICC Leasing Corp. v. Midwestern Machinery Co.,* 257 N.W.2d 551, 554 (Minn.1977). This rule is also found in Minnesota's Uniform Commercial Code. Minn.Stat. 336.2–202 (1988); *see also* Minn.Stat.Ann. § 336.2–202 Minnesota Code Comment, at 177 (West 1966). On the other hand, if a term is ambiguous, parol evidence may be allowed to reach the intent of the parties. *ICC Leasing Corp.,* 257 N.W.2d at 554. In this case the trial court determined the term "Docksider II–V" was ambiguous.

Whether a contract term is ambiguous is a legal question for the trial court. *See Blattner v. Forster,* 322 N.W.2d 319, 321 (Minn.1982). On appeal, it must be determined whether the trial court properly found ambiguity. *Kenko, Inc. v. Lowry Hill Construction Co.,* 392 N.W.2d 18, 20 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986). Respondent claims the trial court's opinion can be supported by *H.J. Kramer Plumbing & Heating, Inc. v. Scharmer,* 386 N.W.2d 742 (Minn.Ct. App.1986).

In *Kramer,* the court determined the term "Item No. 31 Sewage Disposal System" was incomplete or ambiguous. *Id.* at 745. The court held that parol evidence from oral negotiations was admissible to explain what was involved in "Item No. 31" work. *Id.* In order to do so, the trial court properly weighed documentary and testimonial evidence to determine which projects were included in "Item No. 31." *Id.*

On the agreement here the trial court determined:

> The agreement does not describe the Docksider II–V. The agreement provides no technical specifications. This machine is a highly sophisticated piece of equipment, which is not in common consumer use. It is not like a Chevy ½ ton pick-up, where naming alone transmits reasonable information. In fact, the Docksider II–V was brand new at the time of this agreement. Naming such a machine without further identification imparts no useful information to the Court or to anyone to aid in discussing this transaction. Clearly parol evidence is necessary to explain what a Docksider II–V is, what it does, and how it operates.

We conclude it was error to permit parol evidence on the theory stated by the trial court. Reference to the Docksider II–V is not ambiguous. Both parties knew which piece of machinery the term Docksider II–V referred to. Moreover, the record shows respondents chose not to lease the Docksider II–P, a larger and more expensive model with greater capacity. It reasonably can be said that the Docksider II–V is indeed like the Chevy ½ ton pick-up. The particular equipment named in the lease was not ambiguous, contrary to the term involved in *Kramer.*

Respondent also contends that parol evidence regarding precontract negotiations is admissible because there is no integrated contract. The trial court in its memorandum observed that the contract was incomplete. The question of whether a contract is completely integrated and not subject to variance by parol evidence is also an issue of law for the trial court. *United Artist Communications, Inc. v. Corporate Property Investors,* 410 N.W.2d 39, 42 (Minn.Ct.App.1987). The parol evidence rule prohibits consideration of the oral agreement where the "evidence contradicts or varies the terms of the written agreement." *Id.* at 43 (quoting *Material Movers, Inc. v. Hill,* 316 N.W.2d 13, 17 (Minn. 1982)). The parol evidence rule is a substantive rule and not one of evidence. *Lehman v. Stout,* 261 Minn. at 390, 112 N.W. 2d at 644 (quoting *Karger v. Wangerin,* 230 Minn. 110, 114, 40 N.W.2d 846, 849 (1950)).

The Minnesota Supreme Court has stated that in construing the surrounding circumstances of a writing which appears on its face to be fully integrated, three conditions must exist:

(1) the agreement must in form be a collateral one; (2) it must not contradict express or implied provisions of the written contract; (3) it must be one that parties would not ordinarily be expected to embody in the writing * * * * [o]r, again, it must not be so clearly connected with the principal transaction as to be part and parcel of it.

*Taylor v. More,* 195 Minn. 448, 453, 263 N.W. 537, 539 (1935) (quoting *Mitchill v. Lath,* 247 N.Y. 377, 160 N.E. 646 (N.Y. 1928)). "The parol evidence rule does not exclude relevant evidence in determining * * * whether the writing was the final integration of the parties' agreement." *Stromberg v. Smith,* 423 N.W.2d 107, 109 (Minn.Ct.App.1988) (citing 3 A. Corbin on Contracts § 573 (1960)).

Here the contract included a warranty of merchantability with language precluding recovery on other warranty claims. The contract was declared the entire agreement of the parties. Even more important, on this record it was error to conclude that the subject of machine capacity, which respondent contends was significant to the transaction, is one the parties would not ordinarily embody in their contract. Although it was proper for the court to hear parol evidence in determining whether an integrated contract was executed, it was error to conclude that the contract permitted giving legal effect here to the warranty described in testimony regarding precontract negotiations. *See Telex Corp. v. Balch,* 382 F.2d 211, 216 n. 6 (8th Cir.1967) (quoting IX Wigmore, Evidence § 2430 (3rd ed. 19___)).

Finally, respondent argues that, assuming a sales transaction under the UCC, evidence regarding a course of dealing is admissible to explain the term Docksider II–V. The test for the admissibility of parol evidence for custom and trade is not whether a term is ambiguous, but rather, "whether the proffered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *American Machine & Tool Co., Inc. v. Strite–Anderson Manufacturing Co.,* 353 N.W.2d 592, 597 (Minn.Ct.App.1984) (quoting *Board of Trade of San Francisco v. Swiss Credit Bank,* 597 F.2d 146, 149 (9th Cir.1979)), *pet. for rev. denied* (Minn. Sept. 12, 1984). The trial court did not find and there is no evidence of trade usage regarding a course of dealing for selling this machinery strictly according to its known capacity for a particular task.

Respondent contends the trial court's decision could be upheld on the theory of implied warranty of fitness for a particular task. Although the theory was mentioned in materials given to the trial court on the subject of damages, respondent's case was submitted to the trial court exclusively on the theory of an express warranty. We cannot address now an alternative theory for recovery.

Respondent also contends the trial court's decision may be based on negligent misrepresentation of facts. The trial court made no findings for such a cause of action and it is not permitted by evidence of record. There is insufficient evidence to show appellant's representation of the Docksider II–V's capacity was false, or, if so, that appellants were negligent in their assessment of the Docksider's operating capacity. In addition, there is insufficient evidence to demonstrate reasonable reliance on representations of this kind.

## DECISION

The trial court erred in determining the model name of a machine was an ambiguous term so as to permit parol evidence on the existence of an express warranty.

REVERSED.