# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3911

_____

Steve Winkle,                                   *
                                                *
        Appellant,                          *
                                                *    Appeal from the United States
        v.                                  *    District Court for the Western
                                                *    District of Arkansas.
Southwestern Bell Telephone                     *
Company,                                        *
                                                *
        Appellee.                           *

_____

Submitted:  September 16, 1999

Filed:  November 4, 1999

_____

Before BOWMAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LAY, Circuit Judge.

Steve Winkle ("Winkle") began working for Southwestern Bell Telephone Company ("SWB") on April 14, 1980, in the Operator Services Center located in Hot Springs, Arkansas. In 1982, Winkle was promoted to a first line management position and remained in that position until his termination in March 1997. SWB's stated

reasons for terminating Winkle included his refusal to comply with conditions of employment[1] and his inappropriate office conduct.

Winkle filed suit against SWB alleging that his termination violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107 (Michie Supp. 1997). Following discovery, SWB filed a motion for summary judgment.

In a detailed fifty-seven page opinion, the district court[2] thoroughly examined all of the evidence. Winkle v. Southwestern Bell Tel. Co., No. 97-6147 (W.D. Ark., October 16, 1998). The district court held Winkle had failed to prove a *prima facie* case of disability discrimination because he failed to provide evidence of a substantial limitation on a major life activity and because he failed to provide evidence that his recent job performance met the legitimate job expectations of his employer. The district court went on to note that, assuming Winkle had made a *prima facie* showing, his claim still failed because he did not present evidence that his termination was the result of his disability.

With respect to the Title VII claim, the district court concluded Winkle failed to create a genuine issue of material fact as to whether he was meeting the legitimate expectations of employment. Despite this conclusion, the court assumed such a showing, and held Winkle had failed to meet his burden of proving that SWB's

---

[1] In response to complaints regarding Winkle's office conduct, SWB personnel met with him on December 10, 1996, and January 27, 1997, and informed him of disciplinary measures taken and the conditions necessary for his continued employment.

[2] The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, presiding.

proffered reasons for termination were pretextual.  With regard to the Arkansas Civil Rights Act claim, the district court held the claim failed because Winkle did not produce evidence that his termination was the result of sex or disability discrimination.

On appeal, Winkle argued the district court erred in three ways:  1)  by looking at the evidence in a light more favorable to SWB; 2) in finding Winkle failed to establish a *prima facie* case of sex discrimination and failed to prove SWB's reasons for termination were pretextual; and 3) by finding Winkle's depression did not constitute a disability within the meaning of the ADA.

We review a district court's grant of summary judgment *de novo* applying the same standard used by the district court.  Lynn v. Deaconess Med. Ctr. West Campus, 160 F.3d 484, 486 (8th Cir. 1998).  "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Id.

We have carefully reviewed the record in this case and find the evidence supports a finding that SWB articulated legitimate nondiscriminatory reasons for terminating Winkle and Winkle failed to produce any evidence that these reasons were

pretextual.[3] Consequently, we find Winkle failed to present a genuine issue of material fact on his Title VII claim.

We also hold that Winkle failed to prove a disability within the meaning of the ADA because he presented no evidence that a major life activity was impaired. Consequently, we find Winkle failed to present a genuine issue of material fact on his ADA claim.

We affirm the district court's decision granting SWB's motion for summary judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Under the burden-shifting analysis of St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993), once a plaintiff establishes a *prima facie* case of discrimination the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for termination; if such a reason is articulated, the burden shifts back to the plaintiff to demonstrate that such reason is mere pretext for discrimination. In this case, Winkle's proffer of evidence on pretextuality consisted mainly of his seventeen years of good employment history, together with assertions that his conduct did not constitute sexual harassment and that males were treated differently than females. Winkle, however, did not contest the occurrence of most of the conduct which SWB relied on in terminating him. Consequently, we hold that Winkle's claim of pretext does not constitute evidence of pretext or in any way prove that the nondiscriminatory reasons articulated by SWB were false.