# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2215

_____

Eva Nanassy,                                        *
                                                    *
      Appellant,                            *
                                                    *   Appeal from the United States
    v.                                      *   District Court for the
                                                    *   District of Minnesota.
Health East/St. John's Hospital,                    *
                                                    *   **[UNPUBLISHED]**
      Appellee.                             *

_____

Submitted:  December 29, 1999
Filed:  January 5, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Eva Nanassy filed this Title VII action against her former employer, HealthEast/St. John's Hospital (HealthEast), claiming she was discriminated against because of her national origin and her disability.  HealthEast moved to dismiss and submitted supporting documents, arguing that a February 1998 settlement agreement between the parties released HealthEast from all claims--including Title VII and disability discrimination claims--arising out of Nanassy's employment with HealthEast.

Nanassy responded and filed supporting documents. After a hearing, the district court[1] granted summary judgment to HealthEast. Nanassy appeals.

Reviewing de novo, see Winkle v. Southwestern Bell Tel. Co., 195 F.3d 418, 420 (8th Cir. 1999), we hold that this action was barred by the settlement agreement between Nanassy and HealthEast, see Pilon v. University of Minn., 710 F.2d 466, 468 (8th Cir. 1983) (voluntary release bars future action on all claims covered by release); Sorensen v. Coast-to-Coast Stores, 353 N.W.2d 666, 669 (Minn. Ct. App. 1984) (same). Nanassy had legal representation when she entered the settlement agreement, and she has not shown that the agreement is invalid based on mistake, duress, or unconscionability. See Sorensen, 353 N.W.2d at 670 (to rescind based on mutual mistake, both parties must be mistaken as to material fact; unilateral mistake is not grounds for recission unless party seeking enforcement wrongfully concealed facts or induced mistake); Bond v. Charlson, 374 N.W.2d 423, 428 (Minn. 1985) (employee's experience of economic stress does not nullify his or her consent to contract with employer in superior bargaining position); Kauffman Stewart, Inc. v. Weinbrenner Shoe Co., Inc., 589 N.W.2d 499, 502 (Minn. Ct. App. 1999) (defining unconscionable contract).

Accordingly, we affirm.

---

[1]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.